## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **JAKE'S FIREWORKS, INC.,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 16-CV-2475-JAR-GLR** |
| **SKY THUNDER, LLC,** | |
| **Defendant.** | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Jake's Fireworks, Inc.'s Motion for Leave to File First Amended Complaint (Doc. 7).  Defendant has filed a Memorandum in Opposition to Plaintiff's Motion for Leave to File First Amended Complaint (Doc. 12).  The motion is fully briefed and the Court is prepared to rule.  For the reasons stated below, the Court grants Plaintiff's motion to amend.

### I.      Factual and Procedural Background

Plaintiff Jake's Fireworks, Inc., a distributor of wholesale and retail fireworks, is the owner of the EXCALIBUR word trademark.  Plaintiff uses this mark in connection with consumer fireworks artillery shells, and places the mark on packages of firework artillery shells in rectangular boxes that have side cutouts that allow consumers to view the packaged shells. Plaintiff brought suit against Defendant Sky Thunder, LLC ("Sky Thunder"), alleging that Defendant used the label "X-CALIBUR" on the same "consumer fireworks artillery shells in a rectangular box having side-cutouts that permit viewing of the packaged shells."[1]  Plaintiff brought claims of trademark infringement and unfair competition under state and federal law.

---

[1]Doc. 1 at 2.

Plaintiff moves to amend the Complaint to add Michael A. Kimberling as a Defendant and to add a claim of trademark counterfeiting pursuant to 15 U.S.C. § 1114.  In its proposed First Amended Complaint, Plaintiff alleges in support of the counterfeiting claim that Defendant used a "spurious designation that is identical to, or substantially indistinguishable from, Jake's Fireworks' federally registered EXCALIBUR® Mark on the exact same goods covered by Jake's Fireworks' federal trademark registrations."[2]  In support of adding Defendant Kimberling, Plaintiff alleges that Defendant Kimberling, as the founder and Owner of Sky Thunder, participated in the infringing conduct.  Specifically, Plaintiff alleges that "Defendant Kimberling is the founder and owner of Defendant Sky Thunder and personally participated in, was directly responsible for and authorized and approved the selection, purchase, import, promotion distribution and/or sale of Defendants' X-CALIBUR®-branded fireworks, carrying out all such activities in Defendant Kimberling's own personal interest." Plaintiff alleges that "Defendants . . . purchas[ed] fireworks from a distributor located within the District of Kansas."[3]

## II.    Legal Standards

Pursuant to Fed. R. Civ. P. 15(a)(2), where a party's time to amend its pleading as a matter of course has expired, "a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."[4]  Rule 15 is intended to "provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'"[5]

---

[2]Doc. 8-2 at 5.

[3]*Id.* at 2.

[4]Fed. R. Civ. P. 15(a)(2).

[5]*Minter v. Prime Equip. Co.,* 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Hardin v. Manitowoc–Forsythe Corp.,* 691 F.2d 449, 456 (10th Cir. 1982)).

Generally a party is granted leave to amend under Rule 15(a), unless there is "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendment previously allowed, or futility of amendment."[6] "Absent flagrant abuse, bad faith, futility of amendment, or truly inordinate and unexplained delay, prejudice to the opposing party is the key factor in deciding a motion to amend."[7] In fact, the prejudice factor is the "most important" consideration in the decision.[8] Typically, courts "find prejudice only when the amendment unfairly affects" a party's ability to prosecute or defend the lawsuit.[9] To justify denying leave to amend, the proposed amendment must "work an injustice" to an opposing party.[10] The party opposing the amendment has the burden of showing prejudice.[11] Whether to allow a proposed amendment after the permissive period is within the sound discretion of the court.[12]

## III.    Discussion

Defendant does not argue that the motion for leave to amend should be denied on grounds of undue delay, bad faith or dilatory motive, or failure to cure deficiencies by amendment previously granted, and the Court finds that these grounds do not justify denying the motion. Further, although Defendant states in passing that allowing the amendments would cause it undue prejudice, Defendant does not support this statement with any argument. Rather,

---

[6] *Duncan v. Manager, Dep't of Safety, City & Cnty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005).

[7] *Rubio ex rel. Z.R. v. Turner Unified Sch. Dist. No. 202*, 453 F. Supp. 2d 1295, 1307 (D. Kan. 2006).

[8] *Minter*, 451 F.3d at 1207.

[9] *Id.* at 1208.

[10] *United States v. Sturdevant*, No. 07–2233–KHV–DJW, 2008 WL 4198598, at *3 (D. Kan. Sept. 11, 2008) (quoting *Koch v. Koch Indus.,* 127 F.R.D. 206, 209–10 (D. Kan. 1989)).

[11] *Koch*, 127 F.R.D. at 210 (citing *Federal Deposit Ins. Corp. v. Berr*, 643 F. Supp. 357, 359 (D. Kan. 1986)).

[12] *Dockery v. Unified Sch. Dist. No. 231*, 406 F. Supp. 2d 1219, 1223 (D. Kan. 2006) (citing *Hayes v. Whitman*, 264 F.3d 1017, 1026 (10th Cir. 2001)).

Defendant's arguments focus almost entirely on its position that Plaintiff's proposed amendments are futile.  The Court therefore turns to whether Plaintiff's motion should be denied on futility grounds.

The party asserting futility of amendment has the burden to establish futility.[13]  Courts may deny leave to amend on grounds of futility if the proposed amendment "would be subject to dismissal for any reason."[14]  To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face."[15]  "[T]he complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."[16]  The plausibility standard does not require a showing of probability that a defendant has acted unlawfully, but requires more than "a sheer possibility."[17]  "[M]ere 'labels and conclusions,' and 'a formulaic recitation of the elements of a cause of action' will not suffice; a plaintiff must offer specific factual allegations to support each claim."[18]  Finally, the Court must accept the nonmoving party's factual allegations as true and may not dismiss on the ground that it appears unlikely the allegations can be proven.[19]

---

[13]*Carefusion 213, LLC v. Prof'l Disposables, Inc.*, Civ. A. No. 09-2616-KHV-DJW, 2010 WL 4004874, at *5 (D. Kan. Oct. 12, 2010).

[14]*Watson v. Beckel*, 242 F.3d 1237, 1239–40 (10th Cir. 2001); *accord Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007).

[15]*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

[16]*Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original).

[17]*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[18]*Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555).

[19]*Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

The Supreme Court has explained the analysis as a two-step process. For the purposes of a motion to dismiss, the Court "must take all the factual allegations in the complaint as true, [but] we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'"[20] Thus, the court must first determine if the allegations are factual and entitled to an assumption of truth, or merely legal conclusions that are not entitled to an assumption of truth.[21] Second, the court must determine whether the factual allegations, when assumed true, "plausibly give rise to an entitlement to relief."[22] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[23]

A.      **Counterfeiting Claim**

Defendant first argues that Plaintiff's proposed First Amended Complaint fails to state a claim of counterfeiting under 15 U.S.C. § 1114. "A 'counterfeit' is a spurious mark which is identical with, or substantially indistinguishable from, a registered mark."[24] "[C]ounterfeiting is the 'hard core' or 'first degree' of trademark infringement that seeks to trick the consumer into believing he or she is getting the genuine article, rather than a 'colorable imitation.'"[25] Accordingly, although there is little guidance as to what constitutes a counterfeit mark, it is clear that counterfeiting requires a "closer degree of similarity than is required for traditional

---

[20]*Id.*

[21]*Id.* at 679

[22]*Id.*

[23]*Id.* at 678.

[24]15 U.S.C. § 1127.

[25]*Gucci Am., Inc. v. Guess?, Inc.*, 868 F. Supp. 2d 207, 242 (S.D.N.Y. 2012) (citing 4 McCarthy on Trademarks and Unfair Competition § 25:10).

trademark infringement or unfair competition."[26]  But a mark "need not be absolutely identical to a genuine mark in order to be considered counterfeit."[27]

Defendant argues that Plaintiff has failed to make a showing that the marks are "substantially indistinguishable" from each other.  Defendant cites *GMA Accessories, Inc. v. BOP, LLC*, in which the Southern District of New York granted summary judgment in favor of the defendant on a counterfeit claim because the plaintiff failed to show that the alleged counterfeit mark, "Charlotte Solnicki," was "identical or substantially indistinguishable" from the protected mark, "CHARLOTTE."[28]  The court explained that "[t]o establish counterfeiting in the case of a word mark, it cannot be enough that one word used in the allegedly offending mark is the same, with no reference to font, color, typeface, or context."[29]  Defendant argues that similar to the marks at issue in *GMA Accessories*, the words "EXCALIBUR" and "X-CALIBUR" here cannot be said to be "substantially indistinguishable" without reference to font, color, typeface, or context.

The Court is satisfied that Plaintiff's counterfeiting claim is not futile.  Although a counterfeiting claim requires greater similarity between the registered and counterfeit marks than in a trademark infringement claim, the Court finds that the marks are sufficiently similar for the purpose of pleading.  Indeed, the minor variance in the spelling of the words does not negate the

---

[26]*GMA Accessories, Inc. v. BOP, LLC*, 765 F. Supp. 2d 457, 471 (S.D.N.Y. 2011). (quoting 4 McCarthy on Trademarks and Unfair Competition § 25:10 (4th ed. 2016)); *Birmingham v. Mizuno USA, Inc.*, No. 5:09-CV-0566 (GTS/GHL), 2011 WL 1299356 (S.D.N.Y. March 31, 2011).

[27]*United States v. Guerra*, 293 F.3d 1279, 1288 (11th Cir. 2002) (quoting 130 Cong. Rec. H12076 at 31,676 (Daily Ed. Oct. 10, 1983)) (explaining that "identical or substantially indistinguishable" standard is construed more narrowly in criminal context than in civil context, but noting that this standard does not require marks to be "absolutely identical").

[28]765 F. Supp. 2d at 471–72.

[29]*Id.* at 472.

fact that they are phonetically identical.  This minor difference in spelling simply does not preclude a finding that the words are "substantially indistinguishable."

Furthermore, the Court finds that Defendant's reliance on *GMA Accessories* is misplaced. First, as the Court explained above, the marks here are "substantially indistinguishable" because they are spelled in a nearly identical way and are phonetically identical.  These marks are much more similar than those at issue in *GMA Accessories*, where the alleged counterfeit mark contained both the protected mark and an additional word.[30]

Second, Defendant does not explain the full context of the passage regarding the reference to font, color typeface, and context.  The entire passage appears below:

> Furthermore, the parties fail to address the requirement that a counterfeit mark be a "spurious" mark.  While there appears to be little caselaw directly addressing this requirement, Black's Law Dictionary defines "spurious" as "[d]eceptively suggesting an erroneous origin; fake."  To establish counterfeiting in the case of a word mark, it cannot be enough that one word used in the allegedly offending mark is the same, with no reference to font, color, typeface or context.  GMA makes no allegation that the products upon which the allegedly counterfeit mark was used were similar in any way to products it produces.  Under these facts, there is no deceptive suggestion of an erroneous origin.[31]

With the benefit of the full context of this passage, it is clear that the court was emphasizing the plaintiff's failure to make the required showing that the alleged counterfeit mark was spurious. Because the products associated with the marks were not "similar in any way," the court could not allow the plaintiff's claim to proceed without further context regarding the similarity of the marks.[32]  Here, by contrast, Plaintiff alleges in its proposed First Amended Complaint that Defendant placed the "X-CALIBUR" mark on "*the exact same goods* covered by Jake's

---

[30] *Id.* at 471–72.

[31] *Id.* at 472.

[32] *See id.*

Fireworks' federal trademark registrations for the EXCALIBUR® Mark."[33]  Because Plaintiff

has alleged that the marks are "substantially indistinguishable" and that the alleged counterfeit

mark is spurious, the Court finds that Plaintiff's counterfeit claim is not futile.  Plaintiff's motion

for leave to amend is granted as to its proposed counterfeit claim.

### B.  Claims Against Michael Kimberling

Plaintiff seeks to add Michael Kimberling as a Defendant.  Plaintiff alleges that

"Defendant Kimberling is the founder and owner of Defendant Sky Thunder and personally

participated in, was directly responsible for and authorized and approved the selection, purchase,

import, promotion distribution and/or sale of Defendants' X-CALIBUR®-branded fireworks,

carrying out all such activities in Defendant Kimberling's own personal interest."[34]  Defendant

argues that Plaintiff's proposed claims against Kimberling are futile because the Court lacks

personal jurisdiction over Kimberling and because Plaintiff has failed to state claims against

Kimberling.

### 1.  Personal Jurisdiction

A plaintiff bears the burden to establish personal jurisdiction over each defendant named

in the action.[35]  But in the preliminary stages of litigation, a plaintiff's burden to prove personal

jurisdiction is light.[36]  Where the Court considers a motion to dismiss for lack of personal

jurisdiction without conducting an evidentiary hearing, the plaintiff must make only a prima

facie showing of jurisdiction to defeat the motion.[37]  In a diversity action like this one, a plaintiff

---

[33]Doc. 8-2 at 5 (emphasis added).

[34]*Id.* at 4.

[35]*Rockwood Select Asset Fund XI (6)–1, LLC v. Devine, Millimet & Branch*, 750 F.3d 1178, 1179–80 (10th Cir. 2014) (citation omitted).

[36]*AST Sports Sci., Inc. v. CLF Distrib. Ltd.*, 514 F.3d 1054, 1056 (10th Cir. 2008) (citation omitted).

[37]*Id.* at 1056–57 (citing *OMI Holdings, Inc. v. Royal Ins. Co. of Can.*, 149 F.3d 1086, 1091 (10th Cir. 1998)).

must show that exercising jurisdiction is proper under the laws of the forum state and that doing so comports with the due process requirements of the Constitution.[38]  Kansas' long-arm statute is construed liberally to permit the exercise of any jurisdiction that is consistent with the United States Constitution.[39]  Thus, it is unnecessary for the Court to conduct a separate personal jurisdiction analysis under Kansas law, and instead, the Court may proceed directly to the due process inquiry.[40]

This due process analysis involves a two-step inquiry: first, the Court must determine whether the defendant has "minimum contacts with the forum state such that he should reasonably anticipate being hailed into court there;" and second, if the defendant's actions establish minimum contacts, the Court must then decide "whether the exercise of personal jurisdiction over the defendant offends traditional notions of fair play and substantial justice."[41]

The "minimum contacts" standard is satisfied by establishing either (1) specific jurisdiction; or (2) general jurisdiction.[42]  A court has *specific* jurisdiction over a nonresident defendant "'if the defendant has "purposefully directed" his activities at the residents of the forum, and the litigation results from alleged injuries that "arise out of or relate to" those activities.'"[43]  A court maintains *general* jurisdiction over a defendant based on the defendant's

---

[38]*Federated Rural Elec. Ins. Corp. v. Kootenai Elec. Coop.*, 17 F.3d 1302, 1304–05 (10th Cir. 1994) (citation omitted).

[39]*Id.* at 1305; *see also* K.S.A. § 60-308(b)(1)(L) & (b)(2).

[40]*Fed. Rural Elec. Ins. Corp.*, 17 F.3d at 1305; *see also Niemi v. Lasshofer*, 770 F.3d 1331, 1348 (10th Cir. 2014) (where the state's long-arm statute "confers the maximum jurisdiction permissible consistent with the Due Process Clause . . . the first, statutory, inquiry effectively collapses into the second, constitutional, analysis." (citation and internal quotation marks omitted)).

[41]*AST Sports Sci., Inc.*, 514 F.3d at 1057 (citations and internal quotation marks omitted).

[42]*Rockwood Select Asset Fund*, 750 F.3d at 1179.

[43]*OMI Holdings, Inc. v. Royal Ins. Co. of Can.*, 149 F.3d 1086, 1090–91 (10th Cir. 1998) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)).

general business contacts with the forum state, but this requires the plaintiff to demonstrate the defendant's "continuous and systematic general business contacts" with the forum state.[44]

Defendant argues that Plaintiff makes only conclusory allegations concerning Kimberling's contacts in Kansas, which are not supported by "competent proof" of jurisdiction.[45] Defendant cites *Richardson v. Fowler Envelope Company*, a case in this District in which Judge Vratil explained that "[i]f defendant challenges the jurisdictional allegations, plaintiff must support the jurisdictional allegations in a complaint by competent proof of the supporting facts."[46] Judge Vratil also explained that "all factual disputes, however, are resolved in plaintiff's favor," and that "the allegations in the complaint must be taken as true to the extent they are uncontroverted by defendant's affidavits."[47]

Defendant appears to challenge Plaintiff's allegation that Kimberling and Sky Fireworks "transact[ed] business within the District of Kansas, including, without limitation, by purchasing fireworks from a distributor located within the District." Defendant does not, however, controvert these facts by reference to affidavits or other written documents. Instead, Defendant argues that this allegation "is simply not enough" to make a showing of personal jurisdiction.[48] At the preliminary stages of litigation, however, Plaintiff need only make a prima facie showing of personal jurisdiction.[49] Here, Plaintiff has supported its proposed claims against Kimberling with a specific allegation that Kimberling conducted business in Kansas by purchasing fireworks

---

[44]*Id.* (quoting *Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 567 (2d Cir. 1996)).

[45]*See Richardson v. Fowler Envelope Co., LLC*, 288 F. Supp. 2d 1215, 1219 (D. Kan. 2003) ("If defendant challenges the jurisdictional allegations, plaintiff must support the jurisdictional allegations in a complaint by competent proof of the supporting facts.").

[46]288 F. Supp. 2d 1215, 1219 (D. Kan. Oct. 27, 2003) (citing *Pytlik v. Prof'l Res., Ltd.*, 887 F.2d 1371, 1376 (10th Cir. 1989).

[47]*Id.* (citations omitted).

[48]Doc. 12 at 6–7.

[49]*AST Sports Sci., Inc. v. CLF Dist. Ltd.*, 514 F.3d 1054, 1056 (10th Cir. 2008).

from a distributor here.  While this allegation may lack some detail as to the circumstances

surrounding the transaction, it is not conclusory, and Defendant has not challenged the veracity

of this allegation through affidavits.  Thus, assuming the truth of this allegation at the pleading

stage, the Court finds that Plaintiff has made a prima facie showing of specific jurisdiction.

Plaintiff's claims against Kimberling are not futile for lack of personal jurisdiction.

### 2.  Claims Against Michael Kimberling

Defendant argues that Plaintiff fails to state a claim against Kimberling because the

Complaint does not allege any specific facts to suggest that Kimberling personally participated in

the alleged actions in furtherance of his own personal interest.  Defendant claims that Plaintiff is

attempting to impose liability "merely through Kimberling's alleged status as an owner of Sky

Thunder, LLC."[50]

Under Kansas law, a "director or officer of a corporation is not liable for torts committed

by the corporation unless the officer or director commits or participates in the tort."[51]  Thus, in

considering the personal liability of an owner or officer of a limited liability corporation, a court

must consider "the nature of the wrong, the culpability of the act, and whether the person acted

in his/her personal interest or that of the corporation."[52]  Here, Plaintiff has alleged that

Kimberling personally participated in, directed, and authorized "the selection, purchase, import,

promotion, distribution and/or sale of" the fireworks that included the alleged infringing and

counterfeit mark, and that he carried out these activities "in [his] own personal interest."[53]  These

---

[50]Doc. 12 at 8–9.

[51]*Kerns ex rel. Kerns v. G.A.C., Inc.*, 875 P.2d 949, 957 (Kan. 1994); *Univ. of Kan. v. Sinks*, 565 F. Supp. 2d 1216, 1239 (D. Kan. 2008) (explaining that Kansas Revised Limited Liability Act "does not foreclose individual liability by a member who commits a tort").

[52]*Sinks*, 565 F. Supp. 2d at 1239 (quoting *Braintree Labs., Inc. v. Nephro-Tech, Inc.*, 81 F. Supp. 2d 1122, 1132 (D. Kan. 2000)).

[53]Doc. 8-2 at 4.

allegations are sufficient to state claims for personal liability against Kimberling.[54]   Accordingly, the Court finds that Plaintiff's proposed claims against Kimberling are not futile.

## IV.      Conclusion

The Court finds that Plaintiff's proposed counterfeit claim is not futile, because Plaintiff has plausibly alleged that Defendant used a spurious mark that was "substantially indistinguishable" from Plaintiff's protected mark.  Further, the Court finds that Plaintiff's proposed claims against Michael Kimberling are not futile because Plaintiff has made a prima facie showing that the Court has personal jurisdiction over Kimberling and because Plaintiff has alleged plausible facts that give rise to personal liability against Kimberling.  Accordingly, the Court grants Plaintiff's motion for leave to amend.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Plaintiff Jake's Fireworks, Inc.'s Motion for Leave to File First Amended Complaint (Doc. 7) is **granted**.  Within fourteen (14) days of the date of this order, Plaintiff shall serve and file his proposed First Amended Complaint.

Dated: December 13, 2016

                                        *s/Gerald L. Rushfelt*
                                        Gerald L. Rushfelt
                                        U.S. Magistrate Judge

---

[54]*See Creech v. P.J. Wichita, L.L.C.*, No. 16-2312-JAR-GEB, 2016 WL 4702376 (D. Kan. Sept. 8, 2016) (holding that proposed amendment seeking to add owners of L.L.C. to complaint was not futile).