6123.1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JAKE'S FIREWORKS, INC., ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> SKY THUNDER, LLC, ) <br> ) <br> Defendant. ) <br> ) | Case No. 16-2475-JAR-GLR |

## DEFENDANT SKY THUNDER, LLC'S MOTION TO COMPEL DISCOVERY AND MEMORANDUM OF LAW IN SUPPORT

COMES NOW, Defendant Sky Thunder, LLC, by and through its attorneys of record, and pursuant to F.R.C.P. 37, Kansas District Court Local Rule 37.1 and 37.2, moves the Court for an Order compelling Plaintiff to complete the production of the categories of documents identified in its Rule 26(a) disclosures, and to respond completely, fully and without objection to the Defendants' Request for Production Nos. 9, 10, 24-26, 29, 30 & 39 as described below.

**I.  STATEMENT OF FACTS**

1. Defendant served its First Interrogatories, First Requests for Admission and First Requests for Production to Plaintiff on or about November 2, 2016 (Dkt. #14).

2. Plaintiff served its answers and objections to Defendant's First Interrogatories, its responses and objections to Plaintiff's first requests for production and its responses and objections to Defendant's First Requests for Production on or about December 19, 2016 (Dkt. #23).

3. On January 18, 2017, Defendant provided Plaintiff with a "golden rule" letter dated January 17, 2017 regarding its answers to interrogatories and its responses to requests for admission and requests for production. Letter attached hereto as Exhibit A.

1

4.  On February 7, 2017, counsel for Defendant and counsel for Plaintiff had a telephone call to discuss the issues raised in Defendant's January 18, 2017 "golden rule" letter to Plaintiff. Counsel for Plaintiff sent an email to counsel for Defendant that same day confirming the issues discussed during the call, a copy of which is attached hereto as Exhibit B.

5.  On or about February 13, 2017, the Court granted the parties' First Joint Motion to Extend the Parties' Deadlines to File Discovery Motions, extending the deadline for the filing of discovery motions through March 17, 2017 (Dkt. #31).

6.  On or about March 8, 2017, the Court entered the Protective Order agreed upon by the parties (Dkt. #33).

7.  On or about March 20, 2017, the Court granted the parties' Second Joint Motion to Extend the Parties' Deadlines to File Discovery Motions, extending the deadline for the filing of discovery motions through April 7, 2017 for the parties to submit any discovery motions related to "(1) Defendant Sky Thunder's Amended Responses to Plaintiff's First Interrogatories and/or First Requests for Production; (2) Plaintiff's Responses to Defendant Sky Thunder's First Interrogatories, First Requests for Production, and/or First Requests for Admission; or (3) any documents produced or withheld in connection with the responses enumerated above." (Dkt. #36).

8.  On or about April 20, 2017, the Court granted the parties' Third Joint Motion to Extend the Parties' Deadlines to File Discovery Motions, extending the deadline through April 28, 2017, for the parties to submit any discovery motions related to "(1) Defendant Sky Thunder's Amended Responses to Plaintiff's First Interrogatories and/or First Requests for Production; (2) Plaintiff's Responses to Defendant Sky Thunder's First Interrogatories, First

Requests for Production, and/or First Requests for Admission; or (3) any documents produced or withheld in connection with the responses enumerated above." (Dkt. #41).

9. On or about April 21, 2017, Plaintiff served its supplemental answers and objections to Defendant's First Interrogatories, its supplemental responses and objections to Plaintiff's first requests for production and its supplemental responses and objections to Defendant's First Requests for Production. Affidavit of Robert L. Turner, IV, Exhibit N at ¶ 7.

10. On or about April 27, 2017, counsel for Defendant sent an email to counsel for Plaintiff requesting clarification on Defendant's discovery responses and objections in an attempt to resolve any outstanding issues. Email attached hereto as Exhibit C.

11. On or about May 2, 2017, the Court granted the parties' Fourth Joint Motion to Extend the Parties' Deadlines to File Discovery Motions, extending the deadline for the filing of discovery motions through May 19, 2017 (Dkt. #31).

13. On or about May 17, 2017, counsel for Plaintiff responded to the April 27, 2017 email from Defendant's counsel and stated, "Plaintiff is not withholding any responsive documents pursuant to the objections raised." Email attached hereto as Exhibit D.

14. On or about May 18, 2017, Plaintiff served additional supplemental answers and objections to Defendant's First Interrogatories, its supplemental responses and objections to Plaintiff's first requests for production, along with documents Bates-labeled JAKES000002-75. Email attached as Exhibit E.

15. On or about May 19, 2017, counsel for Defendant called Plaintiff's counsel and discussed apparent discrepancies between Plaintiff's Rule 26 Disclosures and its written discovery responses, in particular those categories of documents identified in the disclosures and

Plaintiff's responses and objections to Defendant's Requests for Production of Documents numbered 9, 10, 24, 25, 26, 30 and 39. Affidavit of Robert L. Turner, IV, Exhibit N at ¶ 11.

16. The Court's Scheduling Order provides a deadline of June 12, 2017 for the parties' respective Rule 26(a)(1) disclosures (Dkt. #48).

17. On or about May 19, 2017, Defendant sent Plaintiff's counsel a letter confirming their discussion and outlining the discrepancies in the Plaintiff's disclosures and discovery responses. The letter, a copy of which is attached hereto as Exhibit F, further confirmed the discussion that the Court's June 12, 2017 deadline for the Rule 26(a) disclosures would "control for any outstanding issues with Plaintiff's written discovery responses that may arise in connection with those disclosures, and that Plaintiff will not object to any outstanding issues raised by Defendant within a reasonable timeframe following the June 12th deadline."

18. On or about June 2, 2017, counsel for Defendant received a letter from counsel for Plaintiff regarding Plaintiff's position with regard to the issues raised in the May 19, 2017 letter. Letter attached hereto as Exhibit G.

19. On or about June 9, 2017, counsel for Defendant attempted to call counsel for Plaintiff regarding the positions of the parties in the May 19 and June 2 correspondence. Counsel for Plaintiff responded by email asking for a written outline of the remaining issues. June 9, 2017 email attached hereto as Exhibit H.

20. On or about June 9, 2017, counsel for Defendant sent the requested email to counsel for Plaintiff outlining the issues to be discussed with Plaintiff, and requested a time to discuss by June 12, 2017. June 9, 2017 email attached hereto as Exhibit I.

21. On or about June 12, 2017, Counsel for Defendant attempted to call Todd Gangel at Hovey Williams at approximately 1:47 p.m. to discuss the outstanding discovery items.

4

Counsel for Defendants left a voicemail for Mr. Gangel requesting a return call. Affidavit of Robert L. Turner, IV, Exhibit N at ¶ 16.

22. On or about June 12, 2017, Counsel for Defendant sent an email to counsel for Plaintiff again requesting a time to discuss the remaining issues with Plaintiff's discovery responses as outlined in the May 19, 2017 email. June 12, 2017 email attached hereto as Exhibit J.

23. On or about June 12, 2017, Michael Hurd replied via email to counsel for Defendant at approximately 5:27 p.m. regarding the discovery issues advising that he is out of the country until Thursday and that Mr. Gangel would respond. June 12, 2017 email attached hereto as Exhibit K.

24. On or about June 13, 2017, counsel for Defendant attempted to call Todd Gangel at approximately 10:39 am to discuss the outstanding discovery items. Counsel for Defendants left a voicemail for Mr. Gangel requesting a return call. Affidavit of Robert L. Turner, IV, Exhibit N at ¶ 19.

25. On or about June 13, 2017, counsel for Plaintiff replied via email regarding the issues outlined on June 9, 2017. Counsel for Plaintiff indicated that while Plaintiff would supplement its formal responses regarding Request Nos. 1, 3, 7, 11, 13, 16 & 17, 20, 27, 29, and 32, it was standing on its objections regarding Nos. 9, 10, 24, 25, 26, 29, 30, and 39. June 13, 2017 email attached hereto as Exhibit L.

26. On or about June 13, 2017, counsel for Defendant again attempted to call Todd Gangel at approximately 1:25 pm to discuss the outstanding discovery items. Counsel for Defendants left a voicemail for Mr. Gangel requesting a return call. Plaintiff's counsel did not

return the calls but instead, sent an email at 3:49PM indicating he had listened to the voicemails they had addressed all issues raised. June 13, 2017 email attached as Exhibit M.

27. Despite the parties' extensive correspondence regarding the Plaintiff's discovery responses, and counsel's repeated attempts to have a telephone conference to discuss the same, Plaintiff's discovery responses remain deficient in a number of ways.

28. The provisions of Rule 37(a)(5) apply to an award of expenses incurred in relation to a motion to compel discovery. Rule 37(a)(5)(A) provides that the moving party "must" be awarded reasonable expenses incurred in making the motion, including attorney's fees.

29. Defendants has conferred in good faith regarding the substance of this Motion as evidenced by the Certification attached hereto as Exhibit N.

## II. ARGUMENTS & AUTHORITIES

Pursuant to Rule 26(a) Pursuant to of the Federal Rule of Civil Procedure, a party is required to make certain initial disclosures without awaiting a discovery request. In addition, Rule 34 relating to requests for production of documents dictates that a party upon whom requests for production have been served shall serve a copy of the answers, and objections if any, within thirty days after service of the interrogatories. Fed. R. Civ. P. 33(b)(3). Rule 37 dictates that if a party fails to make a disclosure required by Rule 26(a), or to answer a request submitted under Rule 34, the discovering party may move for an order compelling an answer. Fed. R. Civ. P. 37(a)(2)(B).

### A. Plaintiff's Rule 26(a) Disclosures.

Rule 26 of the Federal Rules of Civil Procedure provides in pertinent part:

(A) *In General.* Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:

>   (ii) a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;
>   (iii) a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; . . . .

Fed. R. Civ. P. 26(a)(1)(A). Further, if "a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions." Fed. R. Civ. P. 26(a)(3)(A). Allen v. Mill-Tel, Inc., 283 F.R.D. 631, 633 (D. Kan. 2012).

Plaintiff's Rule 26(a) Disclosures identify the following categories of documents that Plaintiff Jake's Fireworks has in its possession, custody, or control:

>   B.    The United States Patent and Trademark Office file history for U.S. Trademark Registration No. 2,342,689;
>   C.    Advertising and marking materials for Plaintiff's EXCALIBUR products;
>   D.    Sales and distribution information for Plaintiff's EXCALIBUR products;

Jake's Fireworks Inc.'s Rule 26 Disclosures, attached hereto as Exhibit O. To date, and as outlined in Defendant's counsel's May 19, 2017 letter to counsel for Plaintiff, Plaintiff has not produced any documents remotely resembling the categories of documents identified to be in Plaintiff's possession, custody or control, above. Plaintiff's document produced in this case consist of documents numbered JAKES000002-75, and do not pertain to the above described categories. Further, Plaintiff has not provided a computation of each category of damages claimed as required under Rule 26(a)(1)(A)(iii), and as described below has objected to and refused to provide documents sufficient to allow Defendant to ascertain the same in response to Defendant's written discovery requests.

Counsel for Plaintiff has, in response to communications from Defendant's counsel regarding Plaintiff's written discovery responses, indicated that "Plaintiff is not withholding any

responsive documents pursuant to the objections raised." See Exhibit D. However, Plaintiff's Rule 26(a) disclosures above identify the specified categories of documents without objection. Plaintiff's Rule 26(a) disclosures are incomplete to the extent that documents within the above described categories have not been produced. Plaintiff's responses, or lack thereof, to certain of Defendant's requests are in conflict with the categories of documents identified in Plaintiff's Rule 26 disclosures.

For example, Request for Production numbers 9, 10, 24, 25, 26, 30 and 39 all seek documentation relating to Plaintiff's calculation of damages, expenses, monetary loses, financial injury, lost profits, and sales information in connection with the alleged infringing activity on Plaintiff's EXCALIBUR mark. In its disclosures above, Plaintiff has identified "Sales and distribution information for Plaintiff's EXCALIBUR products." This category of information would presumably include documents responsive to Defendant's requests for which no responses have been provided. Similarly, the enumerated requests are directly relevant to the required calculation of "each category of damages" sought under Rule 26(a)(1)(A)(iii) which Plaintiff has not provided. Defendant's counsel requested that Plaintiff resolve this discrepancy by producing the identified documents, or supplementing its Rule 26(a) disclosures and discovery responses accordingly. May 19, 2017 letter to Plaintiff's counsel, Exhibit F. Plaintiff has instead refused to do so by the June 12, 2017 deadline established for Rule 26 disclosures in the Court's Scheduling Order (Dkt. #48). Instead, Plaintiff has responded by standing on its objections regarding relevancy, proportionality and the purported election of damages Plaintiff is entitled to under the Lanham Act. See June, 13, 2017 email from Todd Gangel, Exhibit L; June 2, 2017 letter from Michael Hurd, Exhibit G.

Plaintiff's Rule 26(a) disclosures are incomplete and/or deficient where Plaintiff has identified categories of documents it has not produced, and failed to provide the required calculation of each category of damages as required under Rule 26(a)(1)(A)(iii). Defendant respectfully requests that the Court issue an order compelling Plaintiff to comply with Rule 26(a)(1)(A)(ii) and (a)(1)(A)(iii), and for such other relief as the Court may deem just and proper.

**B.** **Responses and Objections to Defendant's First Requests for Production to Plaintiff.** Plaintiff has raised largely the same set of blanket, boilerplate objections, without any other response, to Defendant's Requests for Production Nos. 9, 10, 24, 25, 26, 30 and 39. As described above, those requests relate to Plaintiff's calculation of damages, expenses, monetary loses, financial injury, lost profits, and sales information in connection with the alleged infringing activity on Plaintiff's EXCALIBUR mark. See Plaintiff's Responses and Objections to Defendant's First Requests for Production of Documents, relevant portions attached hereto as Exhibit P.

Defendant Sky Thunder's requests are reasonably calculated to lead to the discovery of admissible evidence and proportionate to the needs of this case. However, each of the described requests are accompanied by largely the same set of boilerplate objections from Plaintiff. Although the stated objections raise a number of objections, it appears through correspondence from counsel for Plaintiff that Plaintiff primarily rests on its objections regarding relevancy, proportionality and Plaintiff's purported ability to refrain from discovery regarding its damages because of its election between statutory and actual damages under the Lanham Act. See June 13, 2017 email from Todd Gangel, attached hereto as Exhibit I; June 2, 2017 letter from Michael Hurd, attached hereto as Exhibit G. Plaintiff's counsel suggests that because Plaintiff has the

9

ability to make an election as to damages under the Lanham Act, 15 U.S.C. § 1117, it is not required to produce relevant, discoverable information regarding the same until such time as the election has been made. Id. Plaintiff has specifically alleged "irreparable harm" and specifically requests "an award of its damages, together with prejudgment interest, for the lost sales, loss of goodwill, and other damages suffered by Jake's Fireworks as a result of the acts of counterfeiting, trademark infringement and unfair competition . . . ." Amended Complaint, p. 9, (Dkt. #22). In addition, Plaintiff seeks Defendant's profits and an award of attorney's fees and costs. Id. at 7, ¶ 37. Plaintiff's prayer for relief clearly and unmistakably seeks not only the statutory damages but various other forms of damages, including lost sales. Id. at 8-9.

Defendant cannot be prohibited from seeking discovery of information relevant to the defense of all the claims made against it. The requested information is a means to ascertain Plaintiff's revenues and expenses as they relate to Plaintiff's damage claims regarding its products bearing the EXCALIBUR mark, and such information is not readily ascertainable through any other source. Chicago Tribune Co., LLC v. Masterpiece Mktg. Grp., LLC, No. 13-2157-CM-KGG, 2014 WL 644941, at *4 (D. Kan. Feb. 19, 2014). Indeed, Plaintiff has not provided any calculation of "each category of damages claimed" as required under its Rule 26(a) disclosures and described above. The Protective Order (Dkt. #33) agreed to by the parties and entered by the Court should address any concerns Plaintiff may have regarding privacy and confidentiality. Further, any objection that the requests are premature on the basis that the information will be the subject of expert witness testimony is improper to the extent responsive documents exist.

"Discovery relevance is minimal relevance." Brown v. Univ. of Kansas, No. 10-2606-EFM-KGG, 2012 WL 368715, at *1 (D. Kan. Feb. 3, 2012) (quoting Teichgraeber v. Memorial

Union Corp. of Emporia State University, 932 F.Supp. 1263, 1265 (D .Kan.1996) (internal citation omitted)). As pled, Plaintiff is seeking actual damages and has placed evidence of the same at issue. See Audiotext Commc'ns Network, Inc. v. US Telecom, Inc., No. CIV.A.94-2395-GTV, 1995 WL 625962, at *3 (D. Kan. Oct. 5, 1995). To that end, Plaintiff must still establish that it suffered actual damages. Klein-Becker USA, LLC v. Englert, 711 F.3d 1153, 1161 (10th Cir. 2013). Thus, the information sought is directly "relevant to any party's claim or defense *and* proportional to the needs of the case, considering the importance of the issues at stake in the action, *the amount in controversy*, the parties' relative *access to relevant information*, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1) (emphasis added).

Defendant's Request for Production No. 9 seeks "Any and all documents and/or other tangible things that support or contain facts included in any calculation of the damages Plaintiff claims to have sustained in this case." Such request is directly relevant and proportional to the amount in controversy, and the information relied upon by Plaintiff in conducting a calculation it is required to make and provide under Rule 26(a)(1)(A)(iii). Whether Plaintiff is required to demonstrate an exact dollar amount of damages under the Lanham Act, Plaintiff must still show that it suffered actual damages or some actual harm. Klein-Becker USA, LLC v. Englert, 711 F.3d 1153, 1161 (10th Cir. 2013). Furthermore, and "Whatever the theory that motivates the rule, 'a finding of actual damage remains an important factor in determining whether an award of profits is appropriate.' Thus, while the existence of the plaintiff's actual damages is not a prerequisite to an award of the defendant's profits, this issue remains relevant to our inquiry." W. Diversified Servs., Inc. v. Hyundai Motor Am., Inc., 427 F.3d 1269, 1272 (10th Cir. 2005)

(quoting Bishop v. Equinox Int'l Corp., 154 F.3d 1220, 1222 (10th Cir.1998) ("Bishop I ")). To the extent such damages or harm are financial in nature, this request is directly relevant and proportional to the needs of this case. The exact same can be said of Request Nos. 10, 24, 25, 26, and 29.[1]

With respect to the remaining requests at issue, Defendant's Request for Production No. 30 seeks "Any and all documents evidencing the total gross sales revenue for Plaintiff's fireworks bearing the EXCALIBUR mark for the years 2014 to present." Defendant's Request for Production No. 39 seeks "Documents evidencing the retail and wholesale prices for good bearing Plaintiff's EXCALIBUR mark." Not only are these requests relevant and proportional as described above, but such documents would also fall squarely within the category of "Sales and distribution information for Plaintiff's EXCALIBUR products" which Plaintiff has identified as in its possession, custody or control through its Rule 26(a) disclosures. Either Plaintiff's Rule 26(a) disclosures are deficient, or Plaintiff is withholding documents pursuant to its objections despite the prior statement from counsel that "Plaintiff is not withholding any responsive documents pursuant to the objections raised." Defendant Sky Thunder has remained willing to discuss the scope of the information sought in the above described requests, and willing to discuss production of the same for "attorney's eyes only" or to the court for in camera inspection

---

[1] Defendant's Request for Production No. 10 seeks "Any and all documents substantiating all expenses, monetary losses or other damages that Plaintiff claims resulted from the incidents made the basis of this lawsuit."
Defendant's Request for Production No. 24 similarly seeks "All documents evidencing all damages and financial injury suffered by Plaintiff as result of the allegations set forth in Plaintiff's Complaint."
Defendant's Request for Production No. 25 seeks "All documents or tangible things evidencing lost profits as identified in Defendant's Interrogatory No. 19."
Defendant's Request for Production No. 26 seeks "Any and all documents that Plaintiff utilized in determining the damages it contends it suffered as a result of Defendant's alleged actions as described in the Complaint."
Defendant's Request for Production No. 29 seeks "Any and all financial records, including state and federal tax returns of Plaintiff for the years 2014 through the present." See Exhibit P.

as outlined in the Protective Order if necessary. Plaintiff has not responded to or otherwise addressed that option.

Plaintiff's objections that the above referenced requests are overly broad and unduly burdensome are without merit. Further, Plaintiff's objections to the production of any of the above described information on the basis of relevancy and proportionality to the needs of the case are unavailing. Plaintiff has failed to demonstrate how the requests would be unduly burdensome or otherwise disproportionate to the needs of the case. Defendant's requests are clearly and reasonably calculated to lead to the discovery of admissible evidence, relevant to both Plaintiff's claims and Defendant's defenses, and proportional to the needs of the case. Defendant respectfully requests that this Court grant its motion to compel discovery for the reasons stated herein and issue an order compelling the Plaintiff to produce the documents identified in its Rule 26 Disclosures, to provide written responses to the specified Requests for Production without objection, and grant such other relief as it may deem just and proper.

### III. CONCLUSION

Defendant Sky Thunder, LLC requests that this Court grant its motion to compel discovery for the reasons stated in this motion and memorandum and further compel the Plaintiff to provide written responses without objection to Defendants' Request for Production Nos. 9, 10, 24-26, 29, 30 & 39 and for such other and further relief the Court deems necessary and just, including an award of reasonable expenses incurred in making the motion, including attorney's fees, pursuant to Fed. R. Civ. P. 37(a)(5).

Respectfully submitted,

McANANY, VAN CLEAVE & PHILLIPS, P.A.
10 E. Cambridge Circle Drive, Suite 300
Kansas City, Kansas 66103
Telephone: (913) 371-3838
Facsimile: (913) 371-4722
E-mail: ggoheen@mvplaw.com
rturner@mvplaw.com

By: /s/ Robert L. Turner, IV
    Gregory P. Goheen   #16291
    Robert L. Turner, IV  #26661

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of June, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following:

Michael B. Hurd
Matthew B. Walters
HOVEY WILLIAMS, LLP
10801 Mastin Boulevard, Suite 1000
Overland Park, Kansas 66210

Attorneys for Plaintiff

                    /s/ Robert L. Turner, IV