# EXHIBIT A



McAnany, Van Cleave & Phillips, P.A.
Attorneys at Law Since 1901

Kansas City • St. Louis
Springfield • Omaha • Tulsa

Gregory P. Goheen
Direct Line (913) 573-3325
Email: ggoheen@mvplaw.com

January 17, 2017

**Sent Via Electronic Mail**
Michael B. Hurd
Hovey Williams, LLP
10801 Mastin Boulevard, Suite 1000
84 Corporate Woods
Overland Park, Kansas 66210

    Re:    Jake's Fireworks v. Sky Thunder, LLC, et al. – "Golden Rule" letter
            U.S. Dist. Ct. Case No. 16-2475
            MVP File No. 6123.1

Dear Michael:

I am in receipt of and have reviewed Plaintiff Jake's Fireworks Inc.'s Responses and Objections to Defendant's Fist Set of Interrogatories ("Interrogatories"), Defendant's First Requests for Production of Documents ("RFPs"), and Defendant's First Set of Requests for Admissions ("RFAs") to Plaintiff. After review, it is clear that Plaintiff's responses are deficient in many respects. In addition, a number of Plaintiff's objections are improper and should be withdrawn as set forth in this correspondence.

**Requests for Production and Interrogatories**

As an initial matter, there are certain responses to the RFPs where Plaintiff has indicated that non-privileged documents will be produced if they exist. Specifically, those are RFPs 22, 33, 34, 36, 37, and 38. As of the date of this letter, Defendant has not received any documents produced pursuant to these requests and Plaintiff has not provided any valid objection under which these documents are being withheld. Please produce any documents or things as specified immediately, or supplement the responses accordingly to correct this deficiency. In addition, if any documents or information responsive to these requests are being withheld subject to attorney-client privilege or the work product doctrine, please identify those documents in a privilege log containing sufficient information for Defendant to ascertain the validity of the privilege.

• • •

10 East Cambridge Circle Drive, Suite 300, Kansas City, Kansas 66103
www.mvplaw.com   Ph 913.371.3838   Fax 913.371.4722
KANSAS  MISSOURI  ILLINOIS  ARKANSAS  OKLAHOMA  NEBRASKA  IOWA

Now that the proposed stipulated protective order has been discussed, we ask that upon its entry by the Court you supplement your responses with those answers and documents that are deemed confidential and were previously withheld pending entry of the protective order. Objections have been raised on the basis that information sought would subject to a protective order in the responses to RFPs 1–36, 39–41, 43, 44, 46, and 47. With respect to the Interrogatories, objections have been raised in the responses to numbers 3, 5, 13, 14, 15, 19, and 20 on the basis that information sought would subject to a protective order. However, only the responses to RFPs 2, 14, 15, 28, 31, 35, and 40 specify that responsive documents will be produced subject to a protective order or "appropriate order of confidentiality." With respect to the remaining responses and answers, Defendant is unable to ascertain whether any documents have been withheld subject to this objection or even exist. For each, please specify whether any documents are being withheld on the basis of this objection and, if none are, withdraw the objections.

In addition, many of the Requests for Production have been objected to using the same set of boilerplate objections that include, in addition to the references to a protective order, vagueness, ambiguity, beyond the scope of the ESI procedures, and not proportional to the needs of the case. A large majority of these objections are raised without specificity and explanation as required by the Federal Rules of Civil Procedure and Local Rules of the Court. As a general premise, it is well settled that a party may not "unilaterally modify a discovery request and respond to only a portion of the request without asserting an objection to it." Cardenas v. Dorel Juvenile Grp., Inc., 230 F.R.D. 611, 621 (D. Kan. 2005). In addition, a request is not overly broad due to the use of terms such as "relating to" and "pertaining to". Id. at 624. A party asserting an objection additionally has a duty to support its objection, not apply the same boilerplate forms throughout. McKellips v. Kumho Tire Co., 305 F.R.D. 655, 671 (D. Kan. 2015). "The Court requires the objection party to "'show specifically how, despite the broad and liberal construction afforded the federal discovery rules, each question is overly broad, burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden.'" Design Basics, L.L.C. v. Strawn, 271 F.R.D. 513, 519 (D. Kan. 2010) (internal citations omitted).

Furthermore, Plaintiff does not specify whether any documents have been withheld subject to those objections or if any such document even exist. As a result, it is nearly impossible for Defendant to even ascertain which objections are valid and which responses Plaintiff has refused to answer as a result. Accordingly, Defendant asks Plaintiff to reconsider its improper boilerplate objections and identify where documents, if any exist subject to a reasonable search, have been withheld subject to such objections. This includes RFP numbers 1, 3, 5, 6, 7 – 13, 16 – 21, 24 – 28, 30, 32, 39, 41, and 42 – 48.

With respect to RFP No. 29, Plaintiff has put its financial records at issue to the extent necessary to ascertain Plaintiff's claims for lost profits, lost sales, loss of good will, and other claimed damages associated with the infringement claims. Defendant is thus entitled to records sufficient to ascertain the validity of Plaintiff's claims for the same. Upon its entry, the agreed Protective Order contains provisions and procedures sufficient to protect Plaintiff's business and confidentiality interests that may be of concern regarding these types of records. Please reconsider your objections and specify whether any such records exist and whether Plaintiff has actually withheld documents on the basis of your objections.

Fed.R.Civ.P. 33(b)(4) provides that objections to interrogatories must also be stated with specificity. Plaintiff has provided what is largely the same set of boilerplate objections to nearly each and every interrogatory without any substantive explanation why each objection is applicable. In light of the standards cited herein in the Federal Rules and applicable case law, please reconsider General Objection No. 4, General Objection No. 2, General Objection No. 6, and any corresponding form objections offered in your responses.

With respect to interrogatories 1, 3, 5, 6, 8, 9, 10, 13, 14, 15, and 19, Plaintiff has offered boilerplate objections without any specification of whether information has been withheld pursuant to those objections, will be produced, or does not exist/specify that Plaintiff is not aware of the same. Please specify the same and reconsider these objections so Defendant may ascertain the validity of these objections.

Defendant asks that Plaintiff reconsider its objection to Interrogatory No. 4 on the basis of relevancy. Defendant is entitled to seek this information, particularly where it is relevant to actions Plaintiff may have taken to protect the mark at issue in this litigation. Identification of the same also goes to the existence of any other claims to the mark and the credibility of Plaintiff's claims.

Plaintiff's objections to Interrogatory No. 8 are without any valid basis and must be withdrawn. In its requests to Defendant, Plaintiff asked Defendant what states it sells its fireworks in and specifically asked Defendant about a number of specific states in its requests for admissions. Plaintiff has directly placed at issue the locations in which it sells its product as relevant to this litigation, although the same may be limited to locations where the Excalibur firework in particular is sold. Please revise and supplement the answer to this interrogatory accordingly. The same applies to Interrogatory No. 9 where Plaintiff has placed at issue the channels of trade through which the Excalibur firework has been sold.

Defendant clarifies Interrogatory No. 16 to read: "Identify and describe with specificity the manner in which you contend Defendant was using the X-CALIBUR mark in connection with the sale of consumer fireworks artillery shells as alleged in Paragraph No. 12 of the Amended Complaint . . ." Please reconsider the objection.

Defendant clarifies that Interrogatory No. 17 should reference Paragraph No. 8 of the Amended Complaint and should read: Identify and describe with particularity any and all steps taken by you to maintain and protect the mark described in Paragraph No. 8 of your Amended Complaint." Accordingly, please reconsider the objection.

With respect to Interrogatory No. 20, Plaintiff has failed to demonstrate how this interrogatory seeks the disclosure of confidential business and financial information. The information sought is information relating to the date and location of a photo attached by Plaintiff to the Complaint. Defendant is entitled to ascertain this basic information about the photo not only to determine its validity but also in order to ascertain whether Plaintiff has correctly asserted that the information sought is confidential. Accordingly, please revise the response to identify the requested information.

Interrogatory No. 23 is clearly asking for Plaintiff to identify the location on its packaging for the Excalibur firework of the notice of the registration for the EXCALIBUR mark with the U.S.P.T.O. Specifically, this request is seeking for Plaintiff to identify the place on the packaging where any of the following phrases or marks are located: "Registered in U.S. Patent and Trademark Office" or "Reg. U.S. Pat. & Tm. Off." or the letter R enclosed within a circle, thus ®. Please reconsider the objection and revise the response accordingly.

**Requests for Admissions**

With respect to Plaintiff's responses to Defendants RFAs, Plaintiff has responded with numerous boilerplate objections. Objections to RFAs must specifically state the grounds for objection, and when a party objects rather than admitting or denying that party assumes a burden of persuasion to explain the objection. Bowers v. Mortg. Elec. Registration Sys., No. CIV.A. 10-4141-JTM, 2012 WL 2798801, at *2 (D. Kan. July 9, 2012). Furthermore, a responding party is "required to use reason and common sense in interpreting phrases used in the particular request." Id. (citing Ice Corp. v. Hamilton Sundstrand Inc., No. 05–4135–JAR, 2007 WL 1297120, at * 16 (D.Kan. Apr. 30, 2007) (overruling vague and ambiguous objection to request for admission because the responding party could easily use reason and common sense to interpret phrases used in the requests for admission)). It is also well settled that a party may not "unilaterally modify a discovery request and respond to only a portion of the request without asserting an objection to it." Cardenas v. Dorel Juvenile Grp., Inc., 230 F.R.D. 611, 621 (D. Kan. 2005).

Specifically, Plaintiff has responded with the objection that the request is vague and ambiguous because it is not limited in time for RFA numbers 3, 5, 14, and 19–29. It is unclear from the responses why this conclusory objection has been applied to some of the RFAs, but not others which are similarly worded with respect to limitations on time. It is plainly clear from the entirety of the RFAs that all of the requests are limited in time to the relevant time period as it relates to this specific lawsuit. More specifically, at the time Plaintiff provided notice of the alleged trademark infringement to Defendant in May 2016. In light of the above, please reconsider these objections.

The RFAs also contain numerous objections and denials on the basis that certain requests or phrases in the requests are vague and ambiguous. Specifically, this is RFAs 4, 6, 7, 8, 13, 17, 23, 31, 38, 40, 43, and 47. Plaintiff has failed to apply the requisite reason and common sense in interpreting the requests. Request no. 4 refers to specific phrases in quotations in the context of the display of the EXCALIBUR mark. Requests 6 – 8 also specifically reference aspects of the United States Trademark registration for Plaintiff's mark identified in this suit. Phrases such as "not unique", "clearly identifiable", "a different mark", and "identical" are common words in the English language which are easily ascertained through the application of common sense and reason in the context of the request. In request no. 23, the word "ornate" has clear meaning, and Plaintiff has in fact previously used this word to describe the packaging for its goods. The response to request no. 31 simply states that the request is vague and ambiguous without any explanation. Finally, the phrase "evidence of actual confusion" is not vague or unclear, as Plaintiff refers to actual confusion between the two marks in the Complaint. Defendant asks that Plaintiff reconsider these explanations or provide further explanation for the same.

Michael B. Hurd
January 17, 2017
Page 5

Finally, the referenced Exhibit A for RFA 18 has been included with this correspondence.

Best regards,

s/ *Gregory P. Goheen*
Gregory P. Goheen

GPG/klb
Enclosures