# EXHIBIT F



McAnany, Van Cleave & Phillips, P.A.
Attorneys at Law Since 1901

Kansas City · St. Louis
Springfield · Omaha · Tulsa

Robert L. Turner, IV
Direct Line (913) 573-3373
Email: rturner@mvplaw.com

May 19, 2017

**Sent Via Electronic Mail**
Mr. Michael B. Hurd and Todd Gangel
HOVEY WILLIAMS, LLP
10801 Mastin Boulevard, Suite 1000
Overland Park, Kansas 66210

      Re:    Jake's Fireworks, Inc. v. Sky Thunder, LLC
              Case No. 16-2475-JAR-GLR
              MVP File No. 6123.1

Michael and Todd,

Please consider the following correspondence as a follow-up to our telephone discussion today. After reviewing Jake's Supplemental Discovery Responses and Production, we there are several areas of Plaintiff's responses and production that may require additional discussion.

Per Todd's email of May 17, 2017, I understand that Plaintiff is not withholding any responsive documents pursuant to the objections raised in its answers, responses and objections to Defendant's written discovery requests. However, it appears to me that Plaintiff's responses, or lack thereof, to certain of Defendant's requests are in conflict with the categories of documents identified in Plaintiff's Rule 26 disclosures. There still remain at least eighteen (18) separate Requests for Production which raise the same, substantially similar set of objections and do not specify whether any documents have been produced, will be produced, or otherwise. Comparing these requests to the materials produced and Bates labeled JAKES000002-JAKES000075, it appears that no documents responsive to these requests have been produced.

However, Plaintiff has previously identified several categories of documents in its Rule 26 Disclosures that Plaintiff has in its possession, custody or control which include:

      B.    The United States Patent and Trademark Office file history for U.S. Trademark Registration No. 2,342,689;
      C.    Advertising and marking materials for Plaintiff's EXCALIBUR products;

10 East Cambridge Circle Drive, Suite 300, Kansas City, Kansas 66103
www.mvplaw.com   Ph 913.371.3838   Fax 913.371.4722
KANSAS  MISSOURI  ILLINOIS  ARKANSAS  OKLAHOMA  NEBRASKA  IOWA

        D.       Sales and distribution information for Plaintiff's EXCALIBUR products;
        E.       Advertising and marketing materials for Defendant's X-CALIBUR-branded fireworks;

See Plaintiff's Rule 26 Disclosures, p. 3, ¶ 2. As far as I am aware, the documents produced by Plaintiff to date do not include any of the specific categories of documents identified above. Based on their descriptions, it is reasonable to assume that these categories of documents, if in the possession, custody and control of Plaintiff, would include documents responsive to the written Requests for Production identified herein for which no responses have been provided.

For example, RFP numbers 9, 10, 24, 25, 26, 30 and 39 all seek documentation of Plaintiff's calculation of damages, expenses, monetary loses, financial injury, lost profits, and sales information in connection with the alleged infringing activity on Plaintiff's EXCALIBUR mark. In its disclosures above, Plaintiff has identified "Sales and distribution information for Plaintiff's EXCALIBUR products." This category of information would presumably include documents responsive to Defendant's requests for which no responses have been provided.

Similarly, RFP no. 17 seeks "Any and all documents relating to trademarks, trademark application, inventions and discoveries which may be trademarked by Plaintiff." The USPTO file history identified above in subsection B would presumably include materials responsive to this request, yet no such documents have been produced.

Finally, I am following up on yesterday's inspection of a sample of the EXCALIBUR firework. Response to RFP no. 37 indicated that representative samples of the EXCALIBUR fireworks and the EXCALIBUR mark will be made available for inspection. Yesterday I was able to inspect one representative sample of the EXCALIBUR fireworks. No other samples of the fireworks or the mark were provided. We discussed whether there are other versions or samples of the product and the packaging, which you indicated you would follow up on. Are there any other samples of the mark or other products bearing the mark besides the single sample produced? The same would apply to RFP no. 38.

Please clarify and supplement the responses to the requests enumerated above, and to RFP numbers 1, 3, 7, 11, 13, 16, 17, 20, 27, 29, and 32 along with Plaintiff's Rule 26 Disclosures, accordingly to resolve this discrepancy. We understand that Court's Scheduling Order for the exchange of the parties' initial disclosures identifies June 12, 2017 as the deadline for the same, and it's possible that there may be additional documents forthcoming before that deadline. We would ask that you please provide the requested clarifications and supplemental material by that date as well. Please also confirm our agreement that date will control for any outstanding issues with Plaintiff's written discovery responses that may arise in connection with those disclosures, and that Plaintiff will not object to any outstanding issues raised by Defendant within a reasonable timeframe following the June 12th deadline.

I am available to discuss by phone if you have questions or would like to discuss in more detail.

May 19, 2017
Page 3

Best regards,

Robert L. Turner, IV
913-573-3373
rturner@mvplaw.com