# EXHIBIT G



Michael B. Hurd
Direct: (913) 232-5023
mbh@hoveywilliams.com

June 2, 2017

**VIA EMAIL**
Robert L. Turner, IV
MCANANY, VAN CLEAVE & PHILIPS, P.A.
10 East Cambridge Circle Drive, Suite 300
Kansas City, Kansas 66103
rturner@mvplaw.com

      Re:    *Jake's Fireworks, Inc. v. Sky Thunder, LLC & Michael Kimberling*
             Case 2:16-cv-02475-JAR-GLR

Dear Rob:

We disagree with your characterization that Plaintiff's objections and responses to Sky Thunder's written discovery conflict with Plaintiff's Rule 26 disclosures. Our specific responses to the issues raised in your May 19 letter follow.

### File History

The USPTO file history for U.S. Trademark Registration No. 2,342,689, which is identified in Plaintiff's Rule 26 disclosures and responsive to Sky Thunder's Request for Production No. 17, is publicly available via the USPTO website.

### Advertising & Marketing Materials

Jake's EXCALIBUR fireworks are advertised and marketed via the company's website, which is publicly available at https://www.jakesfireworks.com/.

### Sales & Distribution Information

Relevant information regarding the sales and distribution of Jake's EXCALIBUR fireworks has been provided in the May 18, 2017 supplemental answer to Sky Thunder's Interrogatory No. 8. Since January 1, 2013, Jake's has sold its EXCALIBUR fireworks in all U.S. states, with the possible exceptions, upon information and belief, of Delaware, Hawaii, and New Jersey. Jake's was inadvertently misidentified as "Defendant" in this supplemental response; we hope this clears up any confusion.

This relevant information regarding the states in which Jake's EXCALIBUR fireworks are sold and distributed does not include and was not intended to encompass the information regarding Jake's calculation of damages, expenses, monetary losses, financial injury, lost profits, and sales information purportedly sought by Sky Thunder's Request for Production Nos. 9, 10, 24, 25, 26, 30, and 39. All seven of these requests seek damages information that is properly the subject of

10801 Mastin Boulevard, Suite 1000 | 84 Corporate Woods | Overland Park, Kansas 66210
Tel: (913) 647-9050 | Fax: (913) 647-9057 | www.hoveywilliams.com

*Limited Liability Partnership of Professional Corporations*
*Established 1929*

expert opinion testimony. Such information and documents—if any—relied upon by Jake's damages expert will be produced as required by the Scheduling Order (Doc. 48).

However, as you know, Jake's is not required to prove actual damages to recover on its Lanham Act claims against Defendants. On the counterfeiting cause of action, Jake's may elect to pursue statutory damages instead of actual damages. 15 U.S.C. § 1117(c). On the infringement and unfair-competition claims, Jake's may elect to recover Defendants' profits—in which case Jake's is required to prove Defendants' sales only, and Defendants must prove all elements of cost or deduction claimed. 15 U.S.C. § 1117(a). Thus, unless and until Jake elects to pursue recovery of actual damages for any cause of action it asserts against Defendants, such evidence of actual damages is irrelevant in addition to being prematurely sought.

### Sky Thunder's Advertising and Marketing Materials

Relevant advertising and marketing materials for Sky Thunder's products bearing the infringing X-CALIBUR mark are attached as Exhibits D, E, and F to the Amended Complaint (Docs. 22-4, 22-5, 22-6).

### Samples of Jake's EXCALIBUR Fireworks

I have clarified with the client that there are no versions of the EXCALIBUR mark and packaging used by Jake's other than the one you inspected at our offices. To the extent Jake's has used more than one product SKU for its EXCALIBUR artillery shells, those distinct SKUs merely reflect a different mixes of the 24 individual shells contained in each package.

### Request for Production No. 1

Any responsive, non-privileged documents consulted, relied upon, or identified in responding to Defendant's First Interrogatories and Requests for Admission have been produced or attached to the Amended Complaint in this action.

### Request for Production No. 3

Any responsive, non-privileged notes, memos, documents, letters, e-mails and/or text messages in Plaintiff's possession, custody, or control concerning Sky Thunder have been produced.

### Request for Production No. 7

Any responsive, non-privileged documents consulted, relied upon, or identified in preparing the Complaint have been produced or attached to the Amended Complaint in this action.

Robert L. Turner, IV
June 2, 2017
Page 3

### Request for Production No. 11

Non-privileged documents substantiating Jake's claimed attorney fees and enforcement expenses will be produced according to the expert-discovery schedule set forth in the Scheduling Order.

### Request for Production No. 13

Documents sufficient to show all persons with an ownership interest in Jake's Fireworks are publicly available via the Kansas Secretary of State's website. For the reasons stated above with respect to financial information, Jake's stands on its objections as to producing its tax returns.

### Request for Production Nos. 16 & 17

Responsive documents confirming Plaintiff's rights in the EXCALIBUR mark are either attached to the Amended Complaint or publicly available via the USPTO website.

### Request for Production No. 20

For the reasons stated above, Jake's stands on its objections to producing the financial information sought by this request. Such information is irrelevant unless and until Jake's elects to pursue and award of actual damages against Sky Thunder.

### Request for Production No. 27

No responsive documents referencing or evidencing market research, focus group studies, or surveys are being withheld pursuant to Jake's objections.

### Request for Production No. 29

For the reasons stated above, Jake's stands on its objections to producing the financial information sought by this request. Such information is irrelevant unless and until Jake's elects to pursue and award of actual damages against Sky Thunder. Jake's further objects to producing its state or federal tax returns as unduly burdensome and not proportional to the needs of this case.

### Request for Production No. 32

Jake's stands on its objections with respect to Request No. 32. No responsive customer, client, or vendor lists exist, and the Federal Rules do not require Jake's to create documents in response to requests pursuant to Rule 34.

### Deposition of Michael Kimberling

Finally, in response to your May 19 e-mail regarding deposition scheduling, Defendants have provided no valid reason why the date of Michael Kimberling's deposition should be

dependent on the scheduling of a 30(b)(6) deposition for Jake's or the resolution of any written-discovery issues. The issues are completely independent of each other. *See* Fed. R. 26(d)(3) ("methods of discovery may be used in any sequence" and "discovery by one party does not require any other party to delay its discovery"). Accordingly, I have enclosed a notice for Mr. Kimberling's deposition on Friday, June 15, in Terre Haute, Indiana.

Sincerely,
HOVEY WILLIAMS LLP

By /s/ Michael B. Hurd
Michael B. Hurd

Enclosure

cc: Gregory P. Goheen
Matthew B. Walters
Todd A. Gangel