# EXHIBIT I

# Karen Brokesh

| | |
|---|---|
| **From:** | Robert L. Turner, IV |
| **Sent:** | Friday, June 09, 2017 9:58 AM |
| **To:** | Todd Gangel |
| **Cc:** | Greg P. Goheen; Michael B. Hurd; Matt Walters; Justin Crawford; Jake's Fireworks_GEN 5_ TINF_ EXCALIBUR Sky Thunder_001749_00128 Email; Karen Brokesh |
| **Subject:** | RE: Jake's Fireworks Inc. v. Sky Thunder, LLC; Case 2:16-cv-02475-JAR-GLR [IWOV-DMS.FID489667] |

Todd,

There are a couple remaining issues we need to discuss following Michael's June 2, 2017 letter regarding discovery and the R26 disclosures. With regard to the information sought in Requests for Production Nos. 9, 10, 24, 25, 26, 30, and 39, we respectfully disagree with your assertion that Plaintiff can entirely avoid discovery of any of its actual damages asserted on the basis that Jake's has not yet elected which remedy it intends to pursue under the Lanham Act. This extends also to the tax returns requested in Request for Production No. 29 for the limited and reasonable time period back to 2014.

"Discovery relevance is minimal relevance." Brown v. Univ. of Kansas, No. 10-2606-EFM-KGG, 2012 WL 368715, at *1 (D. Kan. Feb. 3, 2012) (quoting Teichgraeber v. Memorial Union Corp. of Emporia State University, 932 F.Supp. 1263, 1265 (D .Kan.1996) (internal citation omitted)). Plaintiff has specifically alleged "irreparable harm" and specifically requests "an award of its damages, together with prejudgment interest, for the lost sales, loss of goodwill, and other damages suffered by Jake's Fireworks as a result of the acts of counterfeiting, trademark infringement and unfair competition . . . ." As pled, Jake's is seeking actual damages and has placed evidence of the same at issue. See Audiotext Commc'ns Network, Inc. v. US Telecom, Inc., No. CIV.A.94-2395-GTV, 1995 WL 625962, at *3 (D. Kan. Oct. 5, 1995). To that end, Plaintiff must still establish that it suffered actual damages. Klein-Becker USA, LLC v. Englert, 711 F.3d 1153, 1161 (10th Cir. 2013).

Defendant Sky Thunder's requests are reasonably calculated to lead to the discovery of admissible evidence, and each of the described requests are accompanied by the same set of boilerplate objections from Jake's in response. Defendant cannot be prohibited from seeking discovery of information relevant to the defense of all the claims made against it. The requested information is a means to ascertain Plaintiff's revenues and expenses as they relate to Plaintiff's damage claims, and it is not readily ascertainable through any other source. Chicago Tribune Co., LLC v. Masterpiece Mktg. Grp., LLC, No. 13-2157-CM-KGG, 2014 WL 644941, at *4 (D. Kan. Feb. 19, 2014). The Protective Order should address any concerns Plaintiff may have regarding privacy and confidentiality. Further any objection that the requests are premature on the basis that the information will be the subject of expert witness testimony is improper to the extent responsive documents exist.

Defendant Sky Thunder remains willing to discuss the scope of the financial information sought, and willing to discuss production of the same for "attorney's eyes only" or to the court for in camera inspection as outlined in the Protective Order if necessary. Does Jake's intend to stand on its objections and refrain from production of any of the information requested in those requests, irregardless of any possible agreement on the scope of the same and the protections that could be afforded under the protective order?

Finally, with respect to the specific responses identified (1, 3, 7, 11, 13, 16 & 17, 20, 27, 29, & 32) we appreciate the additional information offered with respect to these requests. However, it is unclear to me from your correspondence whether these responses to some of Sky Thunder's specific Requests for Production are intended to be supplements to Plaintiff's previous responses. Does Sky Thunder intend to also supplement those responses in accordance with the

information provided herein? If not, those responses as they stand in Plaintiff's Responses to Defendant's First Requests for Production of Documents remain incomplete as has been previously identified.

Please let me know if there is a time we can discuss these issues either today or on Monday, June 12th.

Best regards,
Rob


Robert L Turner, IV
Attorney at Law
Office: Kansas City
Direct Line: 913-573-3373


**From:** Todd Gangel [mailto:tgangel@hoveywilliams.com]
**Sent:** Friday, June 09, 2017 9:32 AM
**To:** Robert L. Turner, IV
**Cc:** Greg P. Goheen; Michael B. Hurd; Matt Walters; Justin Crawford; Jake's Fireworks__GEN 5_ TINF_ EXCALIBUR Sky Thunder_001749_00128 Email
**Subject:** RE: Jake's Fireworks Inc. v. Sky Thunder, LLC; Case 2:16-cv-02475-JAR-GLR [IWOV-DMS.FID489667]

Rob,

Just got your voicemail. I'll likely need to follow-up with Michael and/or the client about most or all of the issues you want to discuss, so the e-mail you propose would be helpful.

Many thanks,
**Todd A. Gangel**
Of Counsel
Hovey Williams LLP
10801 Mastin Boulevard, Suite 1000
84 Corporate Woods
Overland Park, Kansas 66210

T 913.647.9050 | F 913.647.9057
http://www.hoveywilliams.com



**From:** Justin Crawford
**Sent:** Friday, June 2, 2017 12:02 PM
**To:** rturner@mvplaw.com
**Cc:** Michael B. Hurd <mbh@hoveywilliams.com>; Matt Walters <mwalters@hoveywilliams.com>; Todd Gangel <tgangel@hoveywilliams.com>; ggoheen@mvplaw.com
**Subject:** Jake's Fireworks Inc. v. Sky Thunder, LLC; Case 2:16-cv-02475-JAR-GLR [IWOV-DMS.FID489667]

Mr. Turner,

Attached please correspondence from Michael B. Hurd for the above-captioned matter.

Thank you,