# EXHIBIT J

# Karen Brokesh

| | |
|---|---|
| **From:** | Robert L. Turner, IV |
| **Sent:** | Monday, June 12, 2017 5:24 PM |
| **To:** | Todd Gangel |
| **Cc:** | Greg P. Goheen; Michael B. Hurd; Matt Walters; Justin Crawford; Jake's Fireworks__GEN 5_ TINF_ EXCALIBUR Sky Thunder_001749_00128 Email; Karen Brokesh |
| **Subject:** | RE: Jake's Fireworks Inc. v. Sky Thunder, LLC; Case 2:16-cv-02475-JAR-GLR [IWOV-DMS.FID489667] |

Todd and Michael,

I am following up to my below email and voicemail today requesting a time for us to discuss the issues described below. If we do not receive a written response from you by 5:00 pm tomorrow, June 13, 2017, we may be forced to seek appropriate relief from the court regarding the outstanding requests.

Please let me know of a time you would be able to discuss by phone tomorrow.

Best regards,
Rob


**From:** Robert L. Turner, IV
**Sent:** Friday, June 09, 2017 9:58 AM
**To:** Todd Gangel
**Cc:** Greg P. Goheen; Michael B. Hurd; Matt Walters; Justin Crawford; Jake's Fireworks__GEN 5_ TINF_ EXCALIBUR Sky Thunder_001749_00128 Email; Karen Brokesh
**Subject:** RE: Jake's Fireworks Inc. v. Sky Thunder, LLC; Case 2:16-cv-02475-JAR-GLR [IWOV-DMS.FID489667]

Todd,

There are a couple remaining issues we need to discuss following Michael's June 2, 2017 letter regarding discovery and the R26 disclosures. With regard to the information sought in Requests for Production Nos. 9, 10, 24, 25, 26, 30, and 39, we respectfully disagree with your assertion that Plaintiff can entirely avoid discovery of any of its actual damages asserted on the basis that Jake's has not yet elected which remedy it intends to pursue under the Lanham Act. This extends also to the tax returns requested in Request for Production No. 29 for the limited and reasonable time period back to 2014.

"Discovery relevance is minimal relevance." Brown v. Univ. of Kansas, No. 10-2606-EFM-KGG, 2012 WL 368715, at *1 (D. Kan. Feb. 3, 2012) (quoting Teichgraeber v. Memorial Union Corp. of Emporia State University, 932 F.Supp. 1263, 1265 (D .Kan.1996) (internal citation omitted)). Plaintiff has specifically alleged "irreparable harm" and specifically requests "an award of its damages, together with prejudgment interest, for the lost sales, loss of goodwill, and other damages suffered by Jake's Fireworks as a result of the acts of counterfeiting, trademark infringement and unfair competition . . . ." As pled, Jake's is seeking actual damages and has placed evidence of the same at issue. See Audiotext Commc'ns Network, Inc. v. US Telecom, Inc., No. CIV.A.94-2395-GTV, 1995 WL 625962, at *3 (D. Kan. Oct. 5, 1995). To that end, Plaintiff must still establish that it suffered actual damages. Klein-Becker USA, LLC v. Englert, 711 F.3d 1153, 1161 (10th Cir. 2013).

Defendant Sky Thunder's requests are reasonably calculated to lead to the discovery of admissible evidence, and each of the described requests are accompanied by the same set of boilerplate objections from Jake's in response. Defendant cannot be prohibited from seeking discovery of information relevant to the defense of all the claims made against it. The

1

requested information is a means to ascertain Plaintiff's revenues and expenses as they relate to Plaintiff's damage claims, and it is not readily ascertainable through any other source. Chicago Tribune Co., LLC v. Masterpiece Mktg. Grp., LLC, No. 13-2157-CM-KGG, 2014 WL 644941, at *4 (D. Kan. Feb. 19, 2014). The Protective Order should address any concerns Plaintiff may have regarding privacy and confidentiality. Further any objection that the requests are premature on the basis that the information will be the subject of expert witness testimony is improper to the extent responsive documents exist.

Defendant Sky Thunder remains willing to discuss the scope of the financial information sought, and willing to discuss production of the same for "attorney's eyes only" or to the court for in camera inspection as outlined in the Protective Order if necessary. Does Jake's intend to stand on its objections and refrain from production of any of the information requested in those requests, irregardless of any possible agreement on the scope of the same and the protections that could be afforded under the protective order?

Finally, with respect to the specific responses identified (1, 3, 7, 11, 13, 16 & 17, 20, 27, 29, & 32) we appreciate the additional information offered with respect to these requests. However, it is unclear to me from your correspondence whether these responses to some of Sky Thunder's specific Requests for Production are intended to be supplements to Plaintiff's previous responses. Does Sky Thunder intend to also supplement those responses in accordance with the information provided herein? If not, those responses as they stand in Plaintiff's Responses to Defendant's First Requests for Production of Documents remain incomplete as has been previously identified.

Please let me know if there is a time we can discuss these issues either today or on Monday, June 12th.

Best regards,
Rob


Robert L Turner, IV
Attorney at Law
Office: Kansas City
Direct Line: 913-573-3373

**From:** Todd Gangel [mailto:tgangel@hoveywilliams.com]
**Sent:** Friday, June 09, 2017 9:32 AM
**To:** Robert L. Turner, IV
**Cc:** Greg P. Goheen; Michael B. Hurd; Matt Walters; Justin Crawford; Jake's Fireworks__GEN 5_ TINF_ EXCALIBUR Sky Thunder_001749_00128 Email
**Subject:** RE: Jake's Fireworks Inc. v. Sky Thunder, LLC; Case 2:16-cv-02475-JAR-GLR [IWOV-DMS.FID489667]

Rob,

Just got your voicemail. I'll likely need to follow-up with Michael and/or the client about most or all of the issues you want to discuss, so the e-mail you propose would be helpful.

Many thanks,
**Todd A. Gangel**
Of Counsel
Hovey Williams LLP
10801 Mastin Boulevard, Suite 1000
84 Corporate Woods
Overland Park, Kansas 66210

T 913.647.9050 | F 913.647.9057
http://www.hoveywilliams.com

2



**From:** Justin Crawford
**Sent:** Friday, June 2, 2017 12:02 PM
**To:** rturner@mvplaw.com
**Cc:** Michael B. Hurd <mbh@hoveywilliams.com>; Matt Walters <mwalters@hoveywilliams.com>; Todd Gangel <tgangel@hoveywilliams.com>; ggoheen@mvplaw.com
**Subject:** Jake's Fireworks Inc. v. Sky Thunder, LLC; Case 2:16-cv-02475-JAR-GLR [IWOV-DMS.FID489667]

Mr. Turner,

Attached please correspondence from Michael B. Hurd for the above-captioned matter.

Thank you,

**Justin Crawford**
Litigation Paralegal

Hovey Williams LLP
10801 Mastin Blvd., Suite 1000
84 Corporate Woods
Overland Park, KS 66210

T 913.647.9050 | Direct 913.232.5078
F 913.647.9057
http://www.hoveywilliams.com




NOTICE: This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521 and may contain confidential and legally privileged information intended for the use of the person(s) named above. If you received this electronic transmission in error, please reply to the above-referenced sender about the error and permanently delete the original message and any attachments. Unauthorized use, copying, review and/or distribution to unauthorized persons is strictly prohibited. Further, the Kansas Bar Disciplinary Counsel requires all Kansas lawyers to notify all recipients of e-mail that (1) e-mail communication is not a secure method of communication, (2) any e-mail that is sent to you or by you may be copied and held by various computers it passes through as it goes from us to you or vice versa, (3) persons not participating in our communication may intercept our communications by improperly accessing your computer or computers or even some computer unconnected to either of us which the e-mail passed through. If you want future communication to be sent in a different fashion, please let us know at (913) 647-9050 AT ONCE.