# EXHIBIT N

6123.1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JAKE'S FIREWORKS, INC., | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 16-2475-JAR-GLR |
| SKY THUNDER, LLC, et al., | ) |
| Defendants. | ) |

## AFFIDAVIT OF ROBERT L. TURNER, IV

STATE OF KANSAS )
                               ) ss.
COUNTY OF WYANDOTTE )

I, Robert L. Turner, IV, being duly sworn states as follows:

1. I am more than 18 years of age and I have personal knowledge of the matters set forth below.

2. I am an associate with the firm McAnany, Van Cleave & Phillips, P.A.

3. I am co-counsel for Defendants in this action.

4. Co-counsel for Defendants, Gregory P. Goheen, and I have communicated both verbally and in writing with counsel for Plaintiff in an attempt to come to resolve the differences between the parties and reach an agreement regarding the discovery issues as set forth herein.

5. On January 18, 2017, Defendant provided Plaintiff with a "golden rule" letter regarding its answers to interrogatories and its responses to requests for admission and requests for production.

1

6. On February 7, 2017, I had a phone conference with counsel for Plaintiff to discuss the issues raised in Defendant's January 18, 2017 "golden rule" letter to Plaintiff. Counsel for Plaintiff sent an email to counsel for Defendant that same day confirming the issues discussed during the call.

7. On or about April 21, 2017, Plaintiff served its supplemental answers and objections to Defendant's First Interrogatories, its supplemental responses and objections to Plaintiff's first requests for production and its supplemental responses and objections to Defendant's First Requests for Production.

8. On or about April 27, 2017, I sent an email to counsel for Plaintiff requesting clarification on Defendant's discovery responses and objections in an attempt to resolve any outstanding issues.

9. On or about May 17, 2017, counsel for Plaintiff responded to the April 27, 2017 email and stated, "Plaintiff is not withholding any responsive documents pursuant to the objections raised."

10. On or About May 18, 2017, Plaintiff served additional supplemental answers and objections to Defendant's First Interrogatories, its supplemental responses and objections to Plaintiff's first requests for production, along with documents.

11. On or about May 19, 2017, I called Plaintiff's counsel and discussed apparent discrepancies between Plaintiff's Rule 26 Disclosures and its written discovery responses.

12. On or about May 19, 2017, I sent Plaintiff's counsel a letter confirming our discussion and outlining the discrepancies in the Plaintiff's disclosures and discovery responses.

13. On or about June 2, 2017, counsel for Defendant received a letter from counsel for Plaintiff regarding Plaintiff's position with regard to the issues raised in the May 19, 2017 letter.

14. On or about June 9, 2017, I attempted to call counsel for Plaintiff regarding the positions of the parties in the May 19 and June 2 correspondence. Counsel for Plaintiff responded by email that day asking for a written outline of the remaining issues.

15. On or about June 9, 2017, I sent the requested email to counsel for Plaintiff outlining the issues to be discussed with Plaintiff, and requested a time to discuss by June 12, 2017.

16. On or about June 12, 2017, I attempted to call Plaintiff's counsel at approximately 1:47PM to discuss the outstanding discovery items. I left a voicemail for Mr. Gangel requesting a return call.

17. On or about June 12, 2017, I sent an email to counsel for Plaintiff again requesting a time to discuss the remaining issues with Plaintiff's discovery responses as outlined in the May 19, 2017 email.

18. On or about June 12, 2017, counsel for Plaintiff replied via email at approximately 5:27PM regarding the discovery issues advising that he is out of the country until Thursday and that Mr. Gangel would respond.

19. On or about June 13, 2017, I attempted to call Mr. Gangel at approximately 10:39AM to discuss the outstanding discovery items. I left a voicemail for Mr. Gangel requesting a return call because he did not answer.

20. On or about June 13, 2017, counsel for Plaintiff replied via email regarding the issues outlined on June 9, 2017. Counsel for Plaintiff indicated that while Plaintiff would supplement its formal responses regarding Request Nos. 1, 3, 7, 11, 13, 16 & 17, 20, 27, 29, and 32, it was standing on its objections regarding Nos. 9, 10, 24, 25, 26, 29, 30, and 39.

21. On or about June 13, 2017, I again attempted to call Mr. Gangel at approximately 1:25PM to discuss the outstanding discovery items. I left a voicemail for Mr. Gangel requesting a return call because he did not answer.

22. Plaintiff's counsel did not return my calls but instead, sent an email at 3:49PM on June 13, 2017 indicating he had listened to the voicemails and that Plaintiff had addressed all issues raised.

23. Despite a good faith attempt to resolve the parties' differences, Plaintiff and Defendants have not been able to resolve the outstanding discovery issues.

**FURTHER AFFIANT SAITH NOT.**

Robert L. Turner, IV

SUBSCRIBED AND SWORN TO before me, the undersigned authority, on this 13 day of June, 2017.

Notary Public

My Commission Expires:

9-17-17

KAREN L. BROKESH
NOTARY PUBLIC
STATE OF KANSAS
My Appt. Exp. 9-17-17

4