# EXHIBIT O

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

JAKE'S FIREWORKS INC.,

    Plaintiff,

v.

SKY THUNDER, LLC

    Defendant.

Civil Action No. 16-2475

## JAKE'S FIREWORKS INC.'S RULE 26 DISCLOSURES

Pursuant to Fed R. Civ. P. 26(a)(1)(A), Plaintiff Jake's Fireworks Inc. ("Plaintiff" or "Jake's Fireworks") provides the following disclosures based on the information reasonably available to the undersigned as of today's date. By making these disclosures, Plaintiff does not represent that it is identifying every document, tangible thing or witness possibly relevant to its claims in this lawsuit. Additionally, Plaintiff does not waive its right to object to production of any document, relevancy, undue burden or any other valid objection. Rather, Plaintiff's disclosures represent a good-faith effort to identify information that at the present date Plaintiff reasonably believes it may use to support its claims as required by Fed. R. Civ. P. 26(a)(1).

Plaintiff makes these disclosures without waiving, in any way, any claim of privilege or work product; the right to object on any basis permitted by law to the use of any such information or document for any purpose, in whole or in part, in any subsequent proceeding in this action or any other action; the right to object on any basis permitted by law to any other discovery request or proceeding involved in or relating to the subject matter of these disclosures; and the right to object to the production of any document or tangible thing disclosed in these disclosures on the basis of confidentiality, absent an appropriate protective order.

All of the following disclosures are made subject to the above objections and qualifications. Plaintiff reserves the right to call all witnesses identified by Plaintiff in its initial disclosures, in its discovery responses and document production or elsewhere. Other individuals not specifically known to Plaintiff at present may have information relating to the issues of the instant proceeding. Plaintiff reserves the right to rely on documents produced or identified by Defendant. These disclosures are not to be considered exhaustive and will be supplemented as additional information becomes available to the extent required by Rule 26(a)(1) of the Federal Rules of Civil Procedure.

1. Rule 26(a)(1)(A)(i) – The name and, if known, the address and telephone number of each individual likely to have discoverable information, along with the subjects of that information, that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.

    A. Michael Marietta, an officer and director of President of Jake's Fireworks, Inc., may be reached through Plaintiff's counsel and is generally knowledgeable about Plaintiff's registration and use of Plaintiff's EXCALIBUR® trademark and Plaintiff's fireworks advertised, sold and distributed under and in connection with Plaintiff's EXCALIBUR® trademark.

    B. Michael A. Kimberling, founder, owner and Manager of Defendant Sky Thunder, LLC ("Defendant" or "Sky Thunder"), may be reached through Defendant's counsel and is generally knowledgeable about Defendant's use of the X-CALIBUR mark on fireworks and Defendants' importation, advertising, sale and distribution of Defendant's products bearing the X-CALIBUR mark.

2. Rule 26(a)(1)(A)(ii) – A copy, or a description by category and location, of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.

 A. U.S. Trademark Registration No. 2,342,689 for Plaintiff's EXCALIBUR® mark;

 B. The United States Patent and Trademark Office file history for U.S. Trademark Registration No. 2,342,689;

 C. Advertising and marketing materials for Plaintiff's EXCALIBUR® products;

 D. Sales and distribution information for Plaintiff's EXCALIBUR® products;

 E. Advertising and marketing materials for Defendant's X-CALIBUR-branded fireworks; and

 F. Video and photographic evidence of Defendant's X-CALIBUR-branded fireworks.

3. Rule 26(a)(1)(A)(iii) – A computation of each category of damages claimed by the disclosing party, who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.

 A. Sky Thunder's profits earned from the sale of X-CALIBUR fireworks and damages sustained by Jake's Fireworks (to be determined) as provided by 15 U.S.C. § 1117(a) or, at Plaintiff's election, $2,000,000 in statutory damages as provided by 15 U.S.C. § 1117(c)(2), whichever is greater, plus Jake's Fireworks' attorneys' fees incurred in this lawsuit.

4. Rule 26(a)(1)(A)(iv) – For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or party of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

    A.    None.

Dated: October 28, 2016

    Respectfully Submitted,

s/*Michael B. Hurd*
Michael B. Hurd, KS Bar No. 12,521
Matthew B. Walters, KS Bar No. 23,514
HOVEY WILLIAMS LLP
10801 Mastin Boulevard, Suite 1000
Overland Park, Kansas 66210
T: (913) 647 – 9050
F: (913) 647 – 9057
Email: mhurd@hoveywilliams.com
       mwalters@hoveywilliams.com

ATTORNEYS FOR PLAINTIFF
JAKE'S FIREWORKS INC.

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of October, 2016, a copy of the foregoing was served upon the following via electronic mail and U.S. Mail, postage prepaid:

Gregory P. Goheen
McANANY, VAN CLEAVE & PHILLIPS, P.A.
10 E. Cambridge Circle Drive, Suite 300
Kansas City, Missouri 66103
ggoheen@mvplaw.com

s/*Michael B. Hurd*