# EXHIBIT P

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JAKE'S FIREWORKS INC.,<br><br>　　Plaintiff,<br><br>v.<br><br>SKY THUNDER, LLC<br><br>　　Defendant. | Civil Action No. 16-2475 |

## JAKE'S FIREWORKS INC.'S OBJECTIONS AND RESPONSES TO DEFENDANT'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Jake's Fireworks Inc. (hereinafter "Jake's Fireworks") objects and responds to Defendant Sky Thunder, LLC's (hereinafter "Defendant") First Requests for Production of Documents as follows. Jake's Fireworks reserves the right to supplement its responses to the requests upon the discovery of additional information and materials through formal discovery or otherwise.

## GENERAL OBJECTIONS

1. Jake's Fireworks objects to Defendant's definitions and instructions to the extent they seek to require Jake's Fireworks to do more than that which is required by the Federal Rules of Civil Procedure. Reasonably accessible electronically stored information, to the extent it exists, will be produced in accordance with Federal Rule of Civil Procedure 34.

2. Jake's Fireworks objects to each and every request seeking documents and things that would require Jake's Fireworks to conduct searches and produce electronically stored information (ESI) beyond the scope of the procedure contemplated and agreed upon by the parties at the Planning Conference on October 17, 2016, although the Court has not yet entered a corresponding order.

as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents and things equally available and accessible to Defendant. Jake's Fireworks objects to this request to the extent it seeks documents and things requiring a search and production of ESI beyond the scope of the procedure contemplated and agreed upon by the parties. Jake's Fireworks objects to this request to the extent it calls for the production of documents subject to the attorney-client privilege and/or attorney work product. Jake's Fireworks further objects to this request to the extent it seeks disclosure of business trade secrets or other confidential information that should take place subject to the provisions of a protective order, pursuant to Federal Rule of Civil Procedure 26(c). Jake's Fireworks further objects to this request as not proportional to the needs of the case to the extent (i) the documents and things sought are incidentally related to claims and defenses asserted in the pending action, (ii) the production of such incidentally related documents and things is inconsequential to the resolution of issues in the pending action, and (iii) the burden of specifying and producing incidentally related documents and things sought in this request outweighs any likely benefit.

### Request for Production No. 9.

Any and all documents and/or other tangible things that support or contain facts included in any calculation of the damages Plaintiff claims to have sustained in this case.

**RESPONSE:**

Jake's Fireworks objects to this request as overbroad and unduly burdensome in seeking "[a]ny and all" of its subject matter. Jake's Fireworks objects to this request as vague, ambiguous, overbroad, unduly burdensome, and premature in seeking documents and things supporting "any calculation of the damages" claimed because (i) Defendant has failed to

sufficiently identify the calculations it is referencing, (ii) the pending action is in the early stages of discovery, (iii) ongoing production of discovery will influence and impact Jake's Fireworks' damages calculations, (iv) Jake's Fireworks has not yet calculated and/or claimed any calculation of damages at this early stage in the pending action, and (v) this request seeks information regarding documents that may be reviewed, relied upon, or written by experts, the disclosure of which will be made in accordance with Rule 26 and the Scheduling Order entered by the Court. Jake's Fireworks objects to this request as overbroad and unduly burdensome as it is not limited in time. Jake's Fireworks objects to this request to the extent it seeks documents and things requiring a search and production of ESI beyond the scope of the procedure contemplated and agreed upon by the parties. Jake's Fireworks objects to this request to the extent it calls for the production of documents subject to the attorney-client privilege and/or attorney work product. Jake's Fireworks objects to this request to the extent it seeks disclosure of business trade secrets or other confidential business or financial information that should take place subject to the provisions of a protective order, pursuant to Federal Rule of Civil Procedure 26(c). Jake's Fireworks further objects to this request as not proportional to the needs of the case to the extent (i) the documents and things sought are incidentally related to claims and defenses asserted in the pending action, (ii) the production of such incidentally related documents and things is inconsequential to the resolution of issues in the pending action, and (iii) the burden of specifying and producing incidentally related documents and things sought in this request outweighs any likely benefit.

### Request for Production No. 10.

Any and all documents substantiating all expenses, monetary losses or other damages that

Plaintiff claims resulted from the incidents made the basis of this lawsuit.

**RESPONSE:**

Jake's Fireworks objects to this request as overbroad and unduly burdensome in seeking "[a]ny and all" of its subject matter. Jake's Fireworks objects to this request as premature in that the Court's scheduling order, when entered, will set a deadline for disclosure of expert reports on damages. Jake's Fireworks objects to this request as vague, ambiguous, overbroad, unduly burdensome, and premature in seeking documents "substantiating all expenses, monetary losses or other damages" claimed because (i) Defendant has failed to sufficiently identify the expenses, monetary losses, or other damages it is referencing, (ii) the pending action is in the early stages of discovery, (iii) ongoing production of discovery will influence and impact Jake's Fireworks' damages calculations, (iv) Jake's Fireworks has not yet calculated the totality of its expenses, monetary losses, or other damages incurred as a result of Defendant's infringement at this early stage in the pending action, and (v) this request seeks information regarding documents that may be reviewed, relied upon, or written by experts, the disclosure of which will be made in accordance with Rule 26 and the Scheduling Order entered by the Court. Jake's Fireworks objects to this request as overbroad, unduly burdensome, harassing, and irrelevant to the extent it seeks production of repetitive, duplicative, and cumulative documents sought in the preceding request. Jake's Fireworks objects to this request as overbroad and unduly burdensome as it is not limited in time. Jake's Fireworks objects to this request to the extent it seeks documents requiring a search and production of ESI beyond the scope of the procedure contemplated and agreed upon by the parties. Jake's Fireworks objects to this request to the extent it calls for the production of documents subject to the attorney-client privilege and/or attorney work product. Jake's Fireworks objects to this request to the extent it seeks disclosure of business trade secrets

15

or other confidential business or financial information that should take place subject to the provisions of a protective order, pursuant to Federal Rule of Civil Procedure 26(c). Jake's Fireworks further objects to this request as not proportional to the needs of the case to the extent (i) the documents sought are incidentally related to claims and defenses asserted in the pending action, (ii) the production of such incidentally related documents is inconsequential to the resolution of issues in the pending action, and (iii) the burden of specifying and producing incidentally related documents sought in this request outweighs any likely benefit.

### Request for Production No. 11.

Any and all documents substantiating all attorneys' fees and related litigation and enforcement expenses that Plaintiff claims resulted from the incidents made the basis of this lawsuit including but not limited to agreements with attorneys.

**RESPONSE:**

Jake's Fireworks objects to this request as overbroad and unduly burdensome in seeking "[a]ny and all" of its subject matter. Jake's Fireworks objects to this request as premature in seeking information on attorney's fees and expenses. Jake's Fireworks objects to this request as vague, ambiguous, overbroad, unduly burdensome, and premature in seeking documents "substantiating all attorneys' fees and related litigation and enforcement expenses" claimed because (i) Defendant has failed to sufficiently identify what constitutes "related litigation and enforcement expenses" it is referencing, and (ii) the pending action is in the early stages of litigation and therefore expenses related to this matter are unknown. Jake's Fireworks objects to this request as overbroad, unduly burdensome, harassing, and irrelevant to the extent it seeks production of repetitive, duplicative, and cumulative documents sought in preceding request

Jake's Fireworks objects to this request as overbroad and unduly burdensome in seeking "[a]ll" of its subject matter. Jake's Fireworks objects to this request as vague and ambiguous because it is unclear what Defendant means by "Plaintiff's registration of the U.S. Patent and Trademark Office." Jake's Fireworks objects to this request as overbroad, unduly burdensome, harassing, and irrelevant to the extent it seeks production of repetitive, duplicative, and cumulative documents requested in preceding requests. Jake's Fireworks objects to this request as overbroad and unduly burdensome as it is not limited in time. Jake's Fireworks objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents equally available and accessible to Defendant. Jake's Fireworks objects to this request to the extent it seeks documents requiring a search and production of ESI beyond the scope of the procedure contemplated and agreed upon by the parties. Jake's Fireworks objects to this request to the extent it calls for the production of documents subject to the attorney-client privilege and/or attorney work product. Jake's Fireworks further objects to this request to the extent it seeks disclosure of business trade secrets or other confidential information that should take place subject to the provisions of a protective order, pursuant to Federal Rule of Civil Procedure 26(c).

Defendant is already in possession of documents provided to its counsel by counsel for Jake's Fireworks.

### Request for Production No. 24.

All documents evidencing all damages and financial injury suffered by Plaintiff as result of the allegations set forth in Plaintiff's Complaint.
**RESPONSE:**

Jake's Fireworks refers Defendant to responses 9, 10, and 11 of Jake's Firework's Responses to Defendant's First Requests for Production of Documents, and hereby incorporates each and every objection to requests 9, 10, and 11 as if fully set forth herein. Jake's Fireworks further objects to this request as overbroad, unduly burdensome, harassing, and irrelevant in seeking duplicative, repetitive, and cumulative documents requested in Defendant's previous request numbers 9, 10, and 11.

### Request for Production No. 25.

All documents or tangible things evidencing lost profits as identified in Defendant's Interrogatory No. 19.

**RESPONSE:**

Jake's Fireworks incorporates by reference each and every objection and answer to Defendant's Interrogatory No. 19. Jake's Fireworks refers Defendant to responses 9, 10, and 11 of Jake's Firework's Responses to Defendant's First Requests for Production of Documents, and hereby incorporates each and every objection to requests 9, 10, and 11 as if fully set forth herein. Jake's Fireworks further objects to this request as overbroad, unduly burdensome, harassing, and irrelevant in seeking duplicative, repetitive, and cumulative documents requested in Defendant's previous request numbers 9, 10, 11, and 24.

### Request for Production No. 26.

Any and all documents that Plaintiff utilized in determining the damages it contends it suffered as a result of Defendant's alleged actions as described in the Complaint.

**RESPONSE:**

Jake's Fireworks refers Defendant to responses 9, 10, and 11 of Jake's Firework's Responses to Defendant's First Requests for Production of Documents, and hereby incorporates each and every objection to requests 9, 10, and 11 as if fully set forth herein. Jake's Fireworks further objects to this request as overbroad, unduly burdensome, harassing, and irrelevant in seeking duplicative, repetitive, and cumulative documents requested in Defendant's previous request numbers 9, 10, 11, 24, and 25.

### Request for Production No. 27.

Any and all documents that reference or evidence market research, focus group studies or surveys conducted involving Plaintiff's EXCALIBUR goods and Defendant's XCALIBUR goods.

**RESPONSE:**

Jake's Fireworks objects to this request as overbroad and unduly burdensome in seeking "[a]ny and all" of its subject matter. Jake's Fireworks objects to this request as overbroad and unduly burdensome in that it is not limited as to time. Jake's Fireworks objects to this request as vague and ambiguous because it is unclear whether Defendant is seeking market research, focus group studies or surveys beyond those involving both of the identified goods. Jake's Fireworks objects to this request as overbroad and unduly burdensome to the extent it seeks documents not reasonably available to Jake's Fireworks and/or not within Jake's Fireworks' possession, custody, or control. Jake's Fireworks objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents equally available and accessible to Defendant. Jake's Fireworks objects to this request to the extent it seeks documents requiring a search and production of ESI beyond the scope of the procedure

contemplated and agreed upon by the parties. Jake's Fireworks objects to this request to the extent it seeks disclosure of confidential information that should take place subject to the provisions of a protective order, pursuant to Federal Rule of Civil Procedure 26(c).

**Request for Production No. 28.**

Any and all documents or tangible things relating to any investigation by Plaintiff and any of its current or former partners, members, officers, directors, employees, officials, agents, representatives or investigators into alleged misdeeds or actions of Defendant.

**RESPONSE:**

Jake's Fireworks objects to this request as overbroad, unduly burdensome, harassing, and irrelevant to the extent it seeks production of repetitive, duplicative, and cumulative documents requested in preceding request numbers 2, 3, 4, 5, 6, 7, 8, 14, 15, and 21. Jake's Fireworks refers Defendant to responses 2, 3, 4, 5, 6, 7, 8, 14, 15, and 21 of Jake's Firework's Responses to Defendant's First Requests for Production of Documents, and hereby incorporates each and every objection to request numbers 2, 3, 4, 5, 6, 7, 8, 14, 15, and 21 as if fully set forth herein.

**Request for Production No. 29.**

Any and all financial records, including state and federal tax returns of Plaintiff for the years 2014 through the present.

**RESPONSE:**

Jake's Fireworks objects to this request as overbroad and unduly burdensome in seeking "[a]ny and all" of its subject matter. Jake's Fireworks objects to this request as vague and ambiguous because it is unclear what Defendant is seeking when asking for "financial records."

Jake's Fireworks objects to this request as overbroad, unduly burdensome, harassing, and irrelevant to the extent it seeks production of repetitive, duplicative, and cumulative documents and things requested in the preceding request numbers 9, 10, 11, 24, 25, and 26. Jake's Fireworks objects to this request as overbroad and unduly burdensome to the extent it is not relevant to the claims and defenses in the pending action. Jake's Fireworks objects to this request to the extent it seeks documents and things requiring a search and production of ESI beyond the scope of the procedure contemplated and agreed upon by the parties. Jake's Fireworks objects to this request to the extent it seeks disclosure of confidential financial information that should take place subject to the provisions of a protective order, pursuant to Federal Rule of Civil Procedure 26(c). Jake's Fireworks further objects to this request as not proportional to the needs of the case to the extent (i) the documents and things sought are incidentally related to claims and defenses asserted in the pending action, (ii) the production of such incidentally related documents and things is inconsequential to the resolution of issues in the pending action, and (iii) the burden of specifying and producing incidentally related documents and things sought in this request outweighs any likely benefit.

### Request for Production No. 30.

Any and all documents evidencing the total gross sales revenue for Plaintiff's fireworks bearing the EXCALIBUR mark for the years 2014 to present.

**RESPONSE:**

Jake's Fireworks objects to this request as overbroad and unduly burdensome in seeking "[a]ny and all" of its subject matter. Jake's Fireworks objects to this request as overbroad and unduly burdensome to the extent it is not relevant to the claims and defenses in the pending

limited in time. Jake's Fireworks objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent the requesting party has equal access to the requested information and will not be unreasonably burdened or disadvantaged by accessing such information.

Jake's Fireworks will produce documents or things responsive to this request, if any such documents or things exist.

**Request for Production No. 39.**

Documents evidencing the retail and wholesale prices for good bearing Plaintiff's EXCALIBUR mark.

**RESPONSE:**

Jake's Fireworks objects to this request as vague and ambiguous because Defendant failed to define "retail and wholesale prices." Jake's Fireworks objects to this request as overbroad, unduly burdensome, harassing, and irrelevant to the extent it seeks production of repetitive, duplicative, and cumulative documents and things requested in the preceding request numbers 9, 10, 11, 24, 25, 26, 29, 30, and 31. Jake's Fireworks objects to this request to the extent it seeks documents and things requiring a search and production of ESI beyond the scope of the procedure contemplated and agreed upon by the parties. Jake's Fireworks objects to this request to the extent it seeks disclosure of confidential financial information that should take place subject to the provisions of a protective order, pursuant to Federal Rule of Civil Procedure 26(c). Jake's Fireworks further objects to this request as not proportional to the needs of the case to the extent (i) any requested documents are incidentally related to claims and defenses asserted in the pending action, (ii) the production of such incidentally related documents is marginally

important in resolving the issues in the pending action, (iii) the requesting party has equal access to the requested information and will not be unreasonably burdened or disadvantaged by accessing such information, and (iv) the burden of specifying and producing incidentally related and/or equally available documents sought in this request outweighs any likely benefit.

**Request for Production No. 40.**

Documents evidencing complaints from customers, retailers or other purchasers of Plaintiff's goods regarding confusion or mistake between Plaintiff's EXCALIBUR product and Defendant's X-CALIBUR product.

**RESPONSE:**

Jake's Fireworks objects to this request as overbroad, unduly burdensome, harassing, and irrelevant to the extent it seeks production of repetitive, duplicative, and cumulative documents and things requested in preceding request numbers 2, 3, 4, 5, 6, 7, 8, 15, 19, 21, 35, and 36. Jake's Fireworks objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents and things (i) not reasonably available to Jake's Fireworks, (ii) not within Jake's Fireworks' possession, custody, or control, and/or (iii) equally available and accessible to Defendant. Jake's Fireworks objects to this request to the extent it seeks documents and things requiring a search and production of ESI beyond the scope of the procedure contemplated and agreed upon by the parties. Jake's Fireworks objects to this request to the extent it calls for the production of documents and things subject to the attorney-client privilege and/or attorney work product. Jake's Fireworks objects to this request to the extent it seeks disclosure of confidential information that should take place subject to the provisions of a protective order, pursuant to Federal Rule of Civil Procedure 26(c).

Pursuant to an appropriate protective order of confidentiality, Jake's Fireworks will

Dated: December 19, 2016

Respectfully Submitted,

s/*Michael B. Hurd*
Michael B. Hurd, KS Bar No. 12,521
Matthew B. Walters, KS Bar No. 23,514
HOVEY WILLIAMS LLP
10801 Mastin Boulevard, Suite 1000
Overland Park, Kansas 66210
T: (913) 647 – 9050
F: (913) 647 – 9057
Email: mhurd@hoveywilliams.com
mwalters@hoveywilliams.com

ATTORNEYS FOR PLAINTIFF
JAKE'S FIREWORKS INC.

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of December, 2016, a copy of the foregoing was served upon the following via electronic mail and U.S. Mail, postage prepaid:

Gregory P. Goheen
McANANY, VAN CLEAVE & PHILLIPS, P.A.
10 E. Cambridge Circle Drive, Suite 300
Kansas City, Missouri 66103
ggoheen@mvplaw.com

s/*Michael B. Hurd*