IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAKE'S FIREWORKS, INC.,

    Plaintiff,

    v.

SKY THUNDER, LLC, et al.,

    Defendants.

Case No. 16-2475-JAR-GLR

## AMENDED MEMORANDUM AND ORDER

This matter is before the Court on Defendant Michael Kimberling's Motion to Dismiss (Doc. 37) for lack of personal jurisdiction and for failure to state a claim. The motion is fully briefed and the Court is prepared to rule. For the reasons explained in detail below, the Court denies Defendant's motion to dismiss.

**I.    Background**

Plaintiff Jake's Fireworks, Inc.'s Amended Complaint seeks relief on the basis of four claims: (1) counterfeiting under 15 U.S.C. § 1114, (2) trademark infringement under 15 U.S.C. § 1114, (3) unfair competition under 15 U.S.C. § 1125, and (4) unfair competition under Kansas law. The following relevant facts are alleged in the Amended Complaint in support of these claims. Plaintiff is a leading distributor of wholesale and retail fireworks in the United States. It owns the registered trademark EXCALIBUR®, which it has used in connection with fireworks, specifically consumer fireworks artillery shells, since at least June 19, 1998. Plaintiff's artillery shells are packaged in a rectangular box having side cutouts that permit viewing of the packaged shells. Defendant Sky Thunder is owned by Defendant Kimberling, who started the company in 2011. Defendants, without authorization from Jake's Fireworks, have used and continue to use the infringing and counterfeit X-CALIBUR mark in connection with the advertisement and sale

of fireworks, namely, consumer artillery shells packaged in a rectangular box having side-cutouts that permit viewing of the packaged shells. Defendants advertise that Defendant Sky Thunder designed the X-CALIBUR-branded consumer artillery shells. Defendant purchases fireworks from a distributor located within the State of Kansas.

Kimberling personally participated in, was directly responsible for and authorized and approved the selection, purchase, import, promotion, distribution and/or sale of Defendants' X-CALIBUR®-branded fireworks, carrying out all such activities in Defendant Kimberling's own personal interest. Defendants were aware of Plaintiff and its consumer artillery shells advertised and sold under the EXCALIBUR® mark at the time Defendants adopted and began selling identical products under the infringing and counterfeit X-CALIBUR mark.

Kimberling has submitted an affidavit in support of his motion to dismiss on the basis of personal jurisdiction. He resides in Indiana, and Sky Thunder's principal place of business is in Indiana. Kimberling attests that neither he nor Sky Thunder solicits business from, sends agents or representatives to, holds themselves out as doing business in, advertises or markets in, maintains bank accounts in, or maintains property or employees in the State of Kansas. They are not licensed to do business in Kansas. Kimberling has never transacted business with nor purchased fireworks from any distributor in Kansas.

## II. Standards

### A. Personal Jurisdiction

Plaintiff has the burden of establishing personal jurisdiction over Defendant.[1] In the absence of an evidentiary hearing, as in this case, the plaintiff must make only a prima facie

---

[1] *Shrader v. Biddinger*, 633 F.3d 1235, 1239 (10th Cir. 2011).

showing of jurisdiction to defeat a motion to dismiss.[2] "The plaintiff may make this prima facie showing by demonstrating, via affidavit or other written materials, facts that if true would support jurisdiction over the defendant."[3] Allegations in a complaint are accepted as true if they are plausible, non-conclusory, and non-speculative, to the extent that they are not controverted by submitted affidavits.[4] At the same time, the Court does not have to accept as true conclusory allegations, nor incompetent evidence. When a defendant has produced evidence to support a challenge to personal jurisdiction, a plaintiff has a duty to come forward with competent proof in support of the jurisdictional allegations of the complaint.[5] The court resolves all factual disputes in favor of the plaintiff.[6] Conflicting affidavits are also resolved in the plaintiff's favor, and "the plaintiff's prima facie showing is sufficient notwithstanding the contrary presentation by the moving party."[7] "In order to defeat a plaintiff's prima facie showing of jurisdiction, a defendant must present a compelling case demonstrating 'that the presence of some other considerations would render jurisdiction unreasonable.'"[8]

### B. Failure to State a Claim

To survive a motion to dismiss for failure to state a claim, a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level,"

---

[2] *AST Sports Sci., Inc. v. CLF Distrib. Ltd.,* 514 F.3d 1054, 1056–57 (10th Cir. 2008); *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995).

[3] *Emp'rs Mut. Cas. Co. v. Bartile Roofs, Inc*., 618 F.3d 1153, 1159 (10th Cir. 2010) (citing *TH Agric. & Nutrition, LLC v. Ace European Grp. Ltd.,* 488 F.3d 1282, 1286 (10th Cir. 2007)); *OMI Holdings, Inc. v. Royal Ins. Co. of Can.*, 149 F.3d 1086, 1091 (10th Cir. 1998).

[4] *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)); *Pytlik v. Prof'l Res., Ltd.*, 887 F.2d 1371, 1376 (10th Cir. 1989); *Behagen v. Amateur Basketball Ass'n of U.S.A.*, 744 F.2d 731, 733 (10th Cir. 1984), *cert. denied*, 471 U.S. 1010 (1985).

[5] *Pytlik*, 887 F.2d at 1376; *see also Shrader*, 633 F.3d at 1248.

[6] *Dudnikov*, 514 F.3d at 1070.

[7] *Behagen*, 744 F.2d at 733.

[8] *OMI Holdings*, 149 F.3d at 1091 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985)).

and must contain "enough facts to state a claim to relief that is plausible on its face."[9] To state a claim for relief, "the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."[10] The plausibility standard does not require a showing of probability that a defendant has acted unlawfully, but requires more than "a sheer possibility."[11] "[M]ere 'labels and conclusions,' and 'a formulaic recitation of the elements of a cause of action' will not suffice; a plaintiff must offer specific factual allegations to support each claim."[12] Finally, the Court must accept the nonmoving party's factual allegations as true and may not dismiss on the ground that it appears unlikely the allegations can be proven.[13]

The Supreme Court has explained the analysis as a two-step process. For the purposes of a motion to dismiss, the court "must take all the factual allegations in the complaint as true, [but] we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'"[14] Thus, the court must first determine if the allegations are factual and entitled to an assumption of truth, or merely legal conclusions that are not entitled to an assumption of truth.[15] Second, the court must determine whether the factual allegations, when assumed true, "plausibly give rise to an entitlement to relief."[16] "A claim has facial plausibility when the plaintiff pleads factual content

---

[9]*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

[10]*Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[11]*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[12]*Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555).

[13]*Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

[14]*Id.*

[15]*Id.* at 679

[16]*Id.*

4

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[17]

### III. Discussion

#### A. Personal Jurisdiction

Federal courts follow state law "in determining the bounds of their jurisdiction over persons."[18] To establish personal jurisdiction over a defendant, a plaintiff must show that jurisdiction is proper under the laws of the forum state and that the exercise of jurisdiction would not offend due process.[19] The Kansas long-arm statute is construed liberally so as to allow jurisdiction to the full extent permitted by due process, therefore the Court proceeds directly to the constitutional analysis.[20] Personal jurisdiction requirements must be met as to each defendant.[21]

The due process analysis is comprised of two steps. First, the court must consider whether the defendant has such minimum contacts with the forum state "that he should reasonably anticipate being haled into court there."[22] If the requisite minimum contacts are found, the Court will proceed to the second step in the due process analysis—ensuring that the exercise of jurisdiction "does not offend 'traditional notions of fair play and substantial justice.'"[23]

---

[17] *Id.* at 678.

[18] *Daimler AG v. Bauman*, 134 S. Ct. 746, 753 (2014).

[19] *Intercon, Inc. v. Bell Atl. Internet Sols., Inc.*, 205 F.3d 1244, 1247 (10th Cir. 2000).

[20] *Federated Rural Elec. Ins. Corp. v. Kootenai Elec. Coop.*, 17 F.3d 1302, 1305 (10th Cir. 1994) (citing *Volt Delta Res., Inc. v. Devine*, 740 P.2d 1089, 1092 (Kan. 1987)).

[21] *Newsome v. Gallacher*, 722 F.3d 1257, 1266 (10th Cir. 2013).

[22] *Emp'rs Mut. Cas. Co. v. Bartile Roofs, Inc*., 618 F.3d 1153, 1159–60 (10th Cir. 2010) (citing *OMI Holdings, Inc.*, 149 F.3d at 1091).

[23] *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

1. **Minimum Contacts**

"Minimum contacts" can be established in one of two ways, either generally or specifically for lawsuits based on the forum-related activities:

> General jurisdiction is based on an out-of-state defendant's "continuous and systematic" contacts with the forum state, and does not require that the claim be related to those contacts. Specific jurisdiction, on the other hand, is premised on something of a *quid pro quo*: in exchange for "benefitting" from some purposive conduct directed at the forum state, a party is deemed to consent to the exercise of jurisdiction for claims related to those contacts.[24]

Plaintiff alleges that Kimberling had minimum contacts with Kansas based on specific jurisdiction. Specific jurisdiction exists over a nonresident defendant "if the defendant has 'purposefully directed' his activities at residents of the forum, and the litigation results from alleged injuries that 'arise out of or relate to' those activities."[25]

The specific jurisdiction inquiry "focuses on the relationship among the defendant, the forum, and the litigation."[26] To establish minimum contacts, the "defendant's suit-related conduct must create a substantial connection with the forum State."[27] Specific jurisdiction exists over a nonresident defendant "if the defendant has 'purposefully directed' his activities at residents of the forum, and the litigation results from alleged injuries that 'arise out of or relate to' those activities."[28] One aspect of this requirement is that the Court must look to "the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there."[29]

---

[24]*Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1078 (10th Cir. 2008) (citations omitted).

[25]*OMI Holdings*, 149 F.3d at 1091 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)).

[26]*Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014) (quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 775 (1984)).

[27]*Id.* at 1121–22.

[28]*OMI Holdings*, 149 F.3d at 1091 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)).

[29]*Walden*, 134 S. Ct. at 1122.

Here, Plaintiff alleges specific, or "case-linked" jurisdiction,[30] based on its allegation in the Complaint that Sky Thunder purchased fireworks from a distributor in Kansas. Plaintiff maintains that Kimberling personally participated, directed, and authorized the business' conduct, therefore Sky Thunder's act of purchasing fireworks from a distributorship in Kansas can be imputed to him. Defendant argues that this is not a well pled fact entitled to an assumption of truth in the face of Kimberling's affidavit, where he attests that he does "not transact business with or purchase fireworks from any distributor within the State of Kansas or the District of Kansas."[31]

The Court agrees that Plaintiff lacks competent proof that Kimberling personally transacted business in the State of Kansas. On a motion to dismiss for lack of personal jurisdiction, the Court does not accept allegations in the Complaint as true if they are controverted by affidavit. Here, Kimberling's affidavit controverts Plaintiff's assertion that he personally transacted business in Kansas. Kimberling states that he has never transacted business with or purchased fireworks from any distributor in Kansas.

But Plaintiff alleges that Sky Thunder purchases fireworks from a distributor in Kansas, a contact that may be imputed to Kimberling as the sole member of the LLC. The Court agrees that if Kimberling was a primary participant in the alleged wrongdoing that forms the basis of this Court's jurisdiction, his actions on behalf of Sky Thunder may be sufficient to satisfy the minimum contacts requirement.[32] Plaintiff alleges in the Complaint that Kimberling, as the founder and owner of Sky Thunder, was directly responsible for, and authorized and approved the selection, purchase, import, promotion, distribution, and/or sale of the allegedly infringing

---

[30]*See BNSF Ry. v. Tyrrell*, -S. Ct.- , 2017 WL 2322834, at *9 (May 30, 2017).

[31]Doc. 38-1 ¶ 22.

[32]*See Niemi v. Lasshofer*, 770 F.3d 1331, 1347–50 (10th Cir. 2014).

fireworks. The Court accepts this allegation as true given that it is not directly contradicted by Kimberling's affidavit. In fact, Kimberling's affidavit supports Plaintiff's allegation of control by attesting that he is "the sole and managing member of Sky Thunder."[33]

Moreover, if Kimberling completely controlled Sky Thunder's contacts with Kansas, the business's contacts may be imputed to him.[34] Defendant has produced no evidence to controvert Plaintiff's allegation that Sky Thunder purchases fireworks from a Kansas distributor. Plaintiff alleges in the Complaint that Defendants market and sell infringing and counterfeit fireworks, and further allege that they purchase fireworks from a distributor in Kansas. These allegations are sufficient on this minimal record to demonstrate that Defendants purposefully directed their activities to the State of Kansas by purchasing fireworks here. Plaintiff does not allege that the fireworks purchased from the Kansas distributor are the same fireworks that contain allegedly infringing marks, although a reasonable inference could arguably be drawn that such products are purchased in Kansas. But because Plaintiff's claims are tied to Sky Thunder's production, advertising, and sale of allegedly counterfeit and infringing fireworks, Defendants' purchase of the same or different fireworks from a Kansas distributor sufficiently relates to the claims in this case for purposes of establishing a prima facie case of personal jurisdiction.

### 2. Reasonableness

Having determined that Defendant has the requisite minimum contacts, the Court must determine whether subjecting Defendant to jurisdiction in the forum state would offend traditional notions of fair play and substantial justice.[35] Once a plaintiff has made a minimum

---

[33] Doc. 38-1 ¶ 3. Sky Thunder did not join in this motion to dismiss.

[34] *Home-Stake Prod. Co. v. Talon Petroleum, C.A.*, 907 F.2d 1012, 1021 (10th Cir. 1990) ("When one defendant completely controls another, the latter's contacts with the forum may fairly be imputed or attributed to the former.").

[35] *See Emp'rs Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1161 (10th Cir. 2010).

8

contacts showing, a defendant "must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable."[36] This requires the weighing of the following factors: (1) the burden on defendant; (2) the forum state's interest in resolving the dispute; (3) the plaintiff's interest in receiving convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of the several states in furthering fundamental substantive social policies.[37] Further, in this second step of the analysis, the court should consider the strength of the defendant's minimum contacts.[38] If these factors are strong, they may serve to establish the reasonableness of jurisdiction even if plaintiff's showing of minimum contacts is weak.[39] Conversely, "the weaker the plaintiff's showing on minimum contacts, the less a defendant need show in terms of unreasonableness to defeat jurisdiction."[40]

The balance of the factors weighs in favor of Plaintiff. Defendants are located in Indiana, within driving distance of Kansas City, Kansas. While defending this action in Kansas would certainly impose some burden, "defending a suit in a foreign jurisdiction is not as burdensome as in the past," so the Court finds that this factor weighs in favor of Plaintiff.[41] Moreover, as Plaintiff points out, Kimberling will be required to defend this lawsuit in his capacity as the sole member of Sky Thunder regardless of whether the claims against him in his personal capacity are dismissed. This mitigates against the burden on Kimberling in maintaining the claims

---

[36]*Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985).

[37]*Emp'rs Mut. Cas. Co.*, 618 F.3d at 1161.

[38]*TH Agric. & Nutrition, LLC v. Ace European Grp. Ltd.*, 488 F.3d 1282, 1292 (10th Cir. 2007).

[39]*OMI Holdings, Inc. v. Royal Ins. Co*, 149 F.3d 1086, 1095 (10th Cir. 1998); *Pro Axess, Inc. v. Orlux Distrib., Inc.*, 428 F.3d 1270, 1280 (10th Cir. 2005).

[40]*Trujillo v. Williams*, 465 F.3d 1210, 1221 (10th Cir. 2006) (quotations omitted).

[41]*See AST Sports Sci., Inc. v. CLF Distribution Ltd.*, 514 F.3d 1054, 1061 (10th Cir. 2008).

against him in Kansas.

The Court finds that the second factor also weighs in favor of Plaintiff, as Kansas has an interest in resolving disputes involving residents of its state.[42] Kansas also has an interest in resolving disputes arising under Kansas law, as with Plaintiff's fourth claim for relief.

Third, the Court analyzes whether Plaintiff may receive convenient and effective relief in another forum. Although the Court is certain that Plaintiff could receive effective relief in another forum, litigating this action in Kansas is obviously more convenient for Plaintiff, given that it is a Kansas corporation. This factor weighs slightly in favor of Plaintiff.

The fourth factor considers the interstate judicial system's interest in obtaining the most efficient resolution of controversies. "The key points to consider when evaluating this factor are (1) the location of witnesses, (2) the location of the wrong underlying the lawsuit, (3) what forum's law applies, and (4) 'whether jurisdiction is necessary to prevent piecemeal litigation.'"[43] This factor tips toward Plaintiff. Although Kimberling asserts in his affidavit that the evidence and sources of proof are located in Indiana, certainly Plaintiff's witnesses and sources of proof as to its EXCALIBUR® trademark, are located in Kansas. And allowing these claims to proceed in Kansas avoids piecemeal litigation because if Kimberling's motion is granted, the claims against him would be required to be filed in a different jurisdiction, while the claims against Sky Thunder remain in Kansas, risking inconsistent judgments.

As to the fifth factor—the shared interest of the several states in furthering fundamental social policies—nothing suggests that this is relevant in the instant case and therefore the Court does not address it.

---

[42]*See OMI Holdings, Inc.*, 149 F.3d at 1096 ("The state's interest is also implicated where resolution of the dispute requires a general application of the forum state's law.").

[43]*Pro Axess, Inc. v. Orlux Distr., Inc.*, 428 F.3d 1270, 1279 (10th Cir. 2005) (quoting *OMI Holdings, Inc.*, 149 F.3d at 1097).

Considering all the above factors and the minimum contacts in this case, the Court concludes Defendant has not established a compelling case that this Court's exercise of jurisdiction over Kimberling would offend traditional notions of fair play and substantial justice.[44]

### B. Failure to State a Claim

Finally, Kimberling argues that the claims against him must be dismissed for failure to state a claim because under Kansas law, he may not be held liable solely based on his status as a member or manager of Sky Thunder. Although the Kansas Revised Limited Liability Company Act generally provides that an LLC's corporate liabilities in tort are solely those of the LLC and that no member or manager may be liable solely based on their status as a member or manager,[45] it does not foreclose individual liability by a member who commits a tort.[46] When an officer or director of a corporation commits or participates in a tort, for example, that person can be individually liable.[47] Here, Plaintiff alleges that Kimberling personally participated in the alleged wrongs as the sole and managing member of Sky Thunder. Plaintiff also references in the Amended Complaint an email sent by Defendants' counsel, explaining that Kimberling denied the infringement claims. The Court finds that these allegations are sufficient to create plausible claims of liability against Kimberling and withstand Defendant's motion to dismiss under Fed. R. Civ. P. 12(b)(6).

---

[44]*See Vestring v. Halla*, 920 F. Supp. 2d 1189, 1197 (D. Kan. 2013) (finding that exercising personal jurisdiction would offend traditional notions of fair play and substantial justice where contacts were weak and Kansas had only a small interest in the case).

[45]K.S.A. § 17-7688(a).

[46]*See Kerns ex rel. Kerns v. G.A.C., Inc*., 875 P.2d 949, 957–58 (Kan. 1994).

[47]*Id.*; *see also Univ. of Kan. v. Sinks*, 565 F. Supp. 2d 1216, 1239 (D. Kan. 2008).

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Michael Kimberling's Motion to Dismiss (Doc. 37) is **denied**.

**IT IS SO ORDERED.**

Dated: June 16, 2017

> S/ Julie A. Robinson
> JULIE A. ROBINSON
> UNITED STATES DISTRICT JUDGE