IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAKE'S FIREWORKS, INC.,

    Plaintiff,

v.

SKY THUNDER, LLC, et al.,

    Defendants.

Case No. 16-2475-JAR-GLR

# MEMORANDUM AND ORDER

This matter comes before the Court on Defendants' Motion for Protective Order and to Quash Plaintiff's Notice of Deposition of Michael A. Kimberling (ECF 53). The motion is fully briefed and the Court is prepared to rule. For the reasons explained below, Defendants' motion is granted in part and denied in part.

**I.    Background**

For the purpose of this motion the Court notes the following: On May 11, 2017, counsel for Plaintiff proposed to take the deposition of Defendant Michael Kimberling in June 2017. Counsel for Plaintiff proposed three dates in June for the deposition. He asked defense counsel if those dates were agreeable and, if not, for a suggestion of an alternative date in June. Defense counsel did not immediately respond. Plaintiff's counsel sent a follow-up email on May 18, 2017, seeking a response. Defense counsel responded on May 19, noting that several discovery issues remained unresolved as to Plaintiff's initial disclosures and discovery responses. Defense counsel also stated, "[i]f you'll suggest some dates for the deposition of a Jake's [Fireworks]

representative that would allow for the discovery and disclosures to be resolved first, we will follow with dates that would work for Mr. Kimberling."[1]

Plaintiff's counsel did not respond to this email. He instead served Defendants on June 2, 2017 with formal notice for the deposition of Defendant Kimberling. Plaintiff scheduled the deposition for the latest of the originally suggested dates, June 16, 2017, to proceed in Terre Haute, Indiana. Defense counsel emailed plaintiff's counsel on June 8, 2017, indicating they were not available for the deposition on June 16 and asking that Plaintiff withdraw the notice so that a mutually agreeable date could be determined. Defense counsel advised that if the notice were not voluntarily withdrawn by 5:00 p.m. on June 9, 2017, he would seek relief from the Court.

For several days after June 9, defense counsel called plaintiff's counsel and sent him several emails, all requesting that Plaintiff withdraw its notice of deposition. Plaintiff's counsel responded that it would withdraw its notice, if Defendant would propose alternative dates for a rescheduled deposition. Defense counsel did not respond with any proposed dates. He did, however, call Plaintiff's counsel on June 13, 2017, to discuss the withdrawal of the deposition notice. Plaintiff's counsel responded by email that Plaintiff had addressed all issues raised. Defendant thus filed the instant motion to seek relief from the notice of deposition. Since the filing of Defendant's motion, the parties have continued to discuss scheduling of Defendant Kimberling's deposition.

---

[1] ECF 53-3.

## II. Discussion

### A. Motion for Protective Order and to Quash Notice of Deposition

Fed. R Civ. P. 30(b)(1) provides that "[a] party who wants to depose a person by oral questions must give reasonable written notice to every other party, the notice must state the time and place of the deposition and, if known, the deponent's name and address." Fed. R. Civ. P. 26(c)(1) states that a party may move for a protective order against discovery, and that a court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Defendants argue a protective order is justified, because "Plaintiff's counsel unilaterally issued a notice setting the deposition for June 16, 2017—at a location over 400 miles away from defense counsel's office—and without regard to either the deponent's or defense counsel's availability."[2] Plaintiff responds that it was forced to formally notice the deposition because Defendants refused to provide any dates for Defendant Kimberling's deposition until Plaintiff agreed to allow the deposition of one of its representatives.

The Court finds good cause to grant Defendants' motion and to quash the notice of deposition. Plaintiffs scheduled the deposition without first hearing from Defendants and their counsel regarding the feasibility of the date, time, and location of the deposition, in view of their work schedules. Indeed, defense counsel responded on June 8 that the June 16 setting for the deposition would not work with their schedules. Furthermore, the date of the deposition set forth in Plaintiff's notice, June 16, 2017, has since passed. Thus, because Plaintiffs scheduled the deposition before ascertaining further information regarding the schedule, and because as a practical matter enforcement of the notice would be impossible, the Court finds that quashing the notice of deposition is warranted to protect Defendants from undue burden and expense.

---

[2]ECF 53 at 4.

This does not mean that Plaintiff improperly noticed the deposition. As Plaintiff suggests, its counsel properly served notice of the deposition, within the time set forth in the Federal Rules of Civil Procedure and District of Kansas Rules,[3] based upon the lack of response by defense counsel for scheduling the deposition. What is clear is that the parties reached an impasse regarding their scheduling: Defendants expressed unwillingness to propose dates to depose Defendant Kimberling, unless they could first depose a representative of Plaintiff.[4] And Plaintiff was unwilling to withdraw its "unilaterally issued" notice of deposition, unless Defendants first suggested alternative dates for its reschedule. To move the parties beyond this hurdle, and to protect Defendants from an undue burden that attends it, the Court grants their motion for a protective order and to quash the notice of deposition. Following the entry of this Order, the Court directs the parties to confer and attempt to reschedule the proposed deposition of Defendant Kimberling at a mutually convenient date, time, and location. The Court recognizes that counsel may still disagree as to whether the deposition of Mr. Kimberling may proceed before Plaintiff provides some further disclosures and discovery responses. The answer to this question is that the deposition may proceed. The briefing upon the motion does not adequately address the duties of Plaintiff to provide additional discovery or disclosures, and the Court declines to speculate upon it.

---

[3] D. Kan. Rule 30.1 provides that "[t]he reasonable notice provided by Fed. R. Civ. P. 30(b)(1) for the taking of depositions is 7 days." Plaintiff initially contacted Defendant with proposed dates for the deposition on May 11, 2017, and formally noticed the deposition on June, 2, 2017, 14 days before the scheduled deposition on June 16, 2017.

[4] As Plaintiff correctly notes, the Federal Rules of Civil Procedure provide that "methods of discovery may be used in any sequence," and "discovery by one party does not require any other party to delay its discovery." Fed. R. Civ. P. 26(d)(3).

### B. Payment of Expenses

Fed. R. Civ. P. 26(c), which governs the issuance of protective orders, provides that "Rule 37(a)(5) applies to the award of expenses."[5] Fed. R. Civ. P. 37(a)(5) in turn states that if a court denies discovery and issues a protective order, the court must require the party who sought discovery and opposed the protective order, or that party's attorney, to pay the opposing party's reasonable expenses, including attorney's fees, incurred in opposing the discovery or seeking the protective order. However, "the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust."[6]

Defendants move for an award of expenses and attorney's fees pursuant to Fed. R. Civ. P. 37(a)(5). Plaintiff responds that its opposition to the motion is substantially justified and that an award of expenses and attorney's fees is not warranted.[7] The Court agrees. As explained above, Plaintiff properly served a notice for the deposition of Defendant Kimberling, and thus its opposition to the motion was justified. Although the Court finds good cause to grant the motion to enable an appropriate schedule for Defendant Kimberling's deposition, the Court does not find that an award of expenses and attorney's fees is warranted.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendants' Motion for Protective Order and to Quash Plaintiff's Notice of Deposition of Michael A. Kimberling (ECF 53) is **granted in part and denied in part**. Defendants' motion is granted as it relates to

---

[5] Fed. R. Civ. P. 26(c)(3).

[6] Fed. R. Civ. P. 37(a)(5)(B).

[7] Plaintiff also moves for an award of expenses and attorney's fees in responding to the motion to for protective order. Fed. R. Civ. P. 37(a)(5) provides a basis for an award of expenses and fees when a motion to compel discovery is granted. Here, however, Plaintiff has not moved to compel discovery, and the Court has granted Defendants' motion for protective order. Thus, there is no basis for an award of expenses or attorney's fees to Plaintiff under Rule 37(a)(5).

5

Defendant Kimberling's deposition.  Plaintiff's notice of deposition of Defendant Kimberling is quashed.  Defendants' motion is denied as it relates to an award of expenses and attorney's fees.

Dated: August 17, 2017

*S/ Gerald L. Rushfelt*
Gerald L. Rushfelt
U.S. Magistrate Judge