# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

JAKE'S FIREWORKS, INC.,

    Plaintiff,

v.

SKY THUNDER, LLC, et al.,

    Defendants.

Case No. 16-CV-2475-JAR-GLR

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Sky Thunder LLC's Motion to Compel Discovery and Memorandum of Law in Support (ECF 52). Defendant moves to compel Plaintiff Jake's Fireworks, Inc. to provide supplemental answers to some of its interrogatory answers and respond to Defendant's requests for production of documents ("RFPs"). The motion is fully briefed, and the Court is prepared to rule. For the reasons explained in detail below, Defendant's motion to compel is granted in part and denied in part.

### I.    Background

Plaintiff filed this action on June 30, 2016, alleging trademark infringement and federal and state unfair competition claims. The Court granted Plaintiff's motion for leave to amend on December 13, 2016. In its Amended Complaint, Plaintiff alleges the same trademark infringement and unfair competition claims, along with a counterfeiting claim under 15 U.S.C. § 1114.

Plaintiff served its initial disclosures, pursuant to Fed. R. Civ. P. 26(a)(1), on October 28, 2016. They disclosed the following documents, among others: (1) Advertising and marketing materials for Plaintiff's EXCALIBUR® mark; (2) Sales and distribution information for

Plaintiff's EXCALIBUR® products; and (3) Advertising and marketing materials for Defendant's X-CALIBUR-branded fireworks. Plaintiff also provided the following computation of its damages:

> Sky Thunder's profits earned from the sale of X-CALIBUR fireworks and damages sustained by Jake's Fireworks (to be determined) as provided by 15 U.S.C. § 1117(a) or, at Plaintiff's election, $2,000,000 in statutory damages as provided by 15 U.S.C. § 1117(c)(2), whichever is greater, plus Jake's Fireworks' attorneys' fees incurred in this lawsuit.[1]

Defendant served its first interrogatories, first requests for admission and first requests for production on November 2, 2016. Relevant to the instant motion, RFPs 9, 10, and 24 through 26 sought documentation related to Plaintiff's computation of actual damages and documentation related to any expenses, lost profits, or other damages Plaintiff claims it suffered as a result of Defendant's alleged actions. RFP 29 sought all of Plaintiff's financial records from 2014 to the present. RFP 30 sought documentation reflecting total gross sales revenue from 2014 to the present. RFP 39 sought documents evidencing the retail and wholesale prices for goods bearing Plaintiffs' EXCALIBUR mark.

Plaintiff served its answers and objections to Defendant's RFPs on December 19, 2016. Plaintiff objected to the RFPs listed above on various grounds, including that RFPs related to computation of damages were premature, and that the RFPs were overbroad and unduly burdensome. On January 18, 2017, Defendant provided Plaintiff a "golden rule" letter regarding its answers to interrogatories and its responses to requests for admission and RFPs. Over the course of several months, the Court extended the deadline for the parties to file discovery-related motions, as they continued to confer regarding Plaintiff's responses to Defendant's written

---

[1] ECF 52-15 at 3.

discovery.  Plaintiff supplemented its answers, responses, and objections several times during the course of the parties' ongoing discussions.

On June 12, 2017, the deadline for Plaintiff to submit its initial disclosures, counsel for Defendant sent an email to counsel for Plaintiff requesting a time to discuss the remaining issues concerning Plaintiff's discovery responses.  Counsel for Plaintiff responded on June 13 that it would supplement its formal responses to some RFPs, but that it would stand on its objections regarding RFPs 9, 10, 24, 25, 26, 29, 30, and 39.  After counsel for Defendant again attempted to contact counsel for Plaintiff later on June 13 by telephone, counsel for Plaintiff responded by e-mail that Plaintiff had addressed all issues Defendant raised.  Defendant filed the instant motion later that day.

**II.	Discussion**

Defendant moves to compel Plaintiff to supplement its Rule 26(a) initial disclosures by producing certain categories of documents Plaintiff identified in its disclosures, and by producing a complete damages calculation.  Defendant also moves to compel Plaintiff "to respond completely, fully, and without objection to the Defendants' [RFP] Nos. 9, 10, 24–26, 29, 30, & 39."[2]  Plaintiff responds that (1) the request for a damages computation and documentation reflecting actual damages is premature, (2) Plaintiff is not required to produce documents to fulfill its initial disclosure obligations under Fed. R. Civ. P. 26(a), and (3) the RFPs seek information that is not relevant, and the RFPs are overbroad and unduly burdensome.

---

[2] ECF 52 at 1.

### A. Rule 26(a) Initial Disclsoures

#### 1. Categories of Documents

Fed. R. Civ. P. 26(a)(1)(A) provides, in relevant part, that "a party must, without awaiting a discovery request, provide to the other parties . . . a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." As explained above, in its initial disclosures Plaintiff identified several categories of sales, distribution, and marketing materials as relevant to its case.[3] Defendant argues that Rule 26(a) obligates Plaintiff to *produce* the documents identified in its initial disclosures.

While Rule 26(a) requires a party to *identify* and *describe* supporting documents, it does not require the party to *produce* them.[4] If a party chooses to identify but not produce the documents, other parties that desire copies may seek them through either informal requests or formal requests for production of documents under Fed. R. Civ. P. 34.[5] The Court will address below Defendant's motion to compel as it relates to Plaintiff's responses to Defendant's formal Rule 34 RFPs. But a motion to compel in relation to initial disclosures is not a proper avenue for compelling document *production*.[6] Here, Plaintiff has properly identified and described in its initial disclosures the categories of information it has in its possession. Accordingly, the Court denies Defendant's motion to compel Plaintiff to supplement its initial disclosures by producing the sales, distribution, and marketing materials it identified.

---

[3] *See supra* Part I.

[4] *Adkins v. TFI Family Servs., Inc.*, 13-CV-2579-DDC-GLR, 2017 WL 2687653, at *9 (D. Kan. June 22, 2017) (citing, *e.g.*, Fed. R. Civ. P. 26(a)(1)(A); *Kern River Gas Transmission Co. v. 6.17 Acres of Lan, More or Less, in Salt Lake Cty., Utah*, 156 F. App'x 96, 101 (10th Cir. 2005)).

[5] *Id.* (citations omitted).

[6] *Id.*

## 2. Computation of Damages

Pursuant to Fed. R. Civ. P. 26(a), a party must disclose its computation of damages without waiting for a discovery request.[7] "A party must make its initial disclosures based on the information then reasonably available to it. A party is not excused from making its disclosures because it has not fully investigated the case."[8] "While a party may not have all of the information necessary to provide a computation of damages early in the case, it has a duty to diligently obtain the necessary information and prepare and provide its damages computation within the discovery period."[9]

In its initial disclosures, Plaintiff asserted that it was claiming as damages either (1) Defendant's profits; (2) Plaintiff's actual damages; or (3) a statutory damages award pursuant to 15 U.S.C. § 1117(c). Plaintiff stated that its actual damages were "to be determined."[10] Defendant moves to compel Plaintiff to provide a calculation of its actual damages. Plaintiff argues that it need not provide this calculation because it can choose among the three remedies described above under the Lanham Act, and thus it is not required to prove its actual damages.

However, until Plaintiff elects one of the remedies it listed in its initial disclosure and disclaims the other remedies, Rule 26(a)(1)(A)(iii) requires "a computation of *each* category of damages claimed."[11] Furthermore, although Plaintiff frames its claimed damages in the disjunctive using the word "or" in its initial disclosures, Plaintiff explicitly claims actual

---

[7]Fed. R. Civ. P. 26(a)(1)(A); *Clayman v. Starwood Hotels & Resorts Worldwide*, 343 F. Supp. 2d 1037, 1047 (D. Kan. 2004) (explaining that under Rule 26(a)(1), a party must "disclose its computation of damages without waiting for a discovery request").

[8]Fed. R. Civ. P. 26(a)(1)(E).

[9]*Jackson v. United Artists Theatre Circuit, Inc.*, 278 F.R.D. 586, 593 (D. Nev. 2011) (citing *Allstate Ins. Co. v. Nassiri*, 2010 WL 5248111, *4 (D. Nev. 2010)).

[10]ECF 52-15 at 3.

[11]Fed. R. Civ. P. 26(a)(1)(A)(iii) (emphasis added).

damages as a form of relief in its First Amended Complaint.[12] Thus, because it claims actual damages, it was required to compute this category of damages in its initial disclosures.

Rule 26(a)(1)(A)(iii) does not require Plaintiff to provide a computation of its actual damages, if it does not have the information required to make this calculation, so long as it diligently works to obtain this information and provides the computation within the discovery period.[13] Although Plaintiff suggests that it may be able to provide a more accurate computation of its damages and determine which remedy it seeks after it serves its expert disclosures, it does not argue here that the information necessary for the computation of its actual damages is unavailable. Instead, it simply suggests that it need not provide a computation, based on its ability to choose among the Lanham Act remedies, and that it will provide calculations for its damages through its experts. As explained above, the Court finds that the ability of Plaintiff to elect remedies under the Lanham Act is not a sufficient basis to withhold a computation of its actual damages. But the Court recognizes that Plaintiff may be able to provide a more accurate computation after it discloses its experts. Accordingly, the Court grants Defendant's motion to compel as to Plaintiff's computation of actual damages. Plaintiff is ordered to promptly provide a computation of its actual damages to Defendant after Plaintiff serves its expert disclosures,[14] and in any event no later than October 12, 2017.[15]

### B. Requests for Production of Documents

### 1. RFPs 9, 10, and 24 through 26

Fed. R. Civ. P. 26(b)(1) sets out the general scope of discovery as follows:

---

[12] ECF 22 at 9.

[13] *See* Fed. R. Civ. P. 26(a)(1)(E); *Jackson*, 278 F.R.D. at 593.

[14] If Plaintiff disclaims actual damages as a remedy following its expert disclosures, a computation of its actual damages would no longer be necessary.

[15] This is the date for final supplementation of initial disclosures. ECF 48 at 2.

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.[16]

Thus, considerations of both relevance and proportionality now govern the scope of discovery.[17] Relevance is still to be "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on" any party's claim or defense.[18]

When the discovery sought appears relevant, the party resisting discovery has the burden to establish the lack of relevancy by demonstrating that the discovery (1) does not meet the definition of relevancy under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.[19] By contrast, when the relevancy of the discovery request is not readily apparent on its face, the party seeking discovery has the burden to show the relevancy of the request.[20]

Defendant's RFPs 9, 10, and 24 through 26 seek documentation related to Plaintiff's computation of damages and documentation related to any expenses, lost profits, or other damages Plaintiff claims it suffered as a result of Defendant's alleged actions. These RFPs appear relevant because they are targeted at the collection of documents that bear on Plaintiff's claim for damages.

---

[16] Fed. R. Civ. P. 26(b)(1).

[17] *Gilmore v. L.D. Drilling, Inc.*, No. 16-cv-2416-JAR-TJJ, 2017 WL 3116576, at *1 (D. Kan. July 21, 2017) (citing Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment)).

[18] *Id.* at *2 (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)).

[19] *Id.* (citing *Gen. Elec. Cap. Corp. v. Lear Corp.*, 215 F.R.D. 637, 640 (D. Kan. 2003).

[20] *Id.* (citing *McBride v. Medicalodges, Inc.*, 250 F.R.D. 581, 586 (D. Kan. 2008)).

The burden thus shifts to Plaintiff to show that the discovery sought does not meet the definition of relevancy under Rule 26(b)(1) or is of such marginal relevancy that the harm occasioned by discovery would outweigh the presumption in favor of disclosure.[21] Plaintiff argues that, because it may elect to not pursue lost profits and actual damages, the amount of actual damages it claims is not, and may never be, relevant to its case. Defendant cites two Tenth Circuit cases that suggest that, even if Plaintiff seeks an award of Defendant's profits, its own actual damages is nevertheless an "important factor in determining whether an award of profits is appropriate."[22] Plaintiff responds that these cases do not require it to prove a specific dollar amount in actual damages and that it can instead satisfy the requirements for an award of Defendant's profits by showing "either actual damages *or* willful action on the part of the defendant."[23] But as Defendant contends, both cases indicate that the issue of whether plaintiff suffered actual damages is relevant to an award of profits.[24] If Plaintiff ultimately seeks actual damages, RFPs 9, 10, 24, 25 and 26 are relevant to its claimed damages. But, even if it seeks an award of profits or statutory damages, documentation reflecting its actual damages is relevant.

Having found that the RFPs are targeted at relevant discovery, the Court turns to whether it is proportional to the needs of the case. Here, as described above, documentation reflecting Plaintiff's actual damages is relevant; because Plaintiff has not disclaimed actual damages as a remedy, whether or not it seeks an award of profits or statutory damages. Thus, this discovery is

---

[21]*Id.*

[22]*Klein-Becker USA, LLC v. Englert*, 711 F.3d 1153, 1161 (10th Cir. 2013); *W. Diversified Servs., Inc. v. Hyundai Motor Am., Inc.*, 427 F.3d 1269, 1272 (10th Cir. 2005).

[23]*Klein Becker*, 711 F.3d at 1161 (emphasis added); *W. Diversified*, 427 F.3d at 1272.

[24]*Klein Becker*, 711 F.3d at 1161 ("The Lanham Act does not require that an exact dollar amount of actual damages be shown, only that the plaintiff establishes that it suffered actual damages."); *W. Diversified*, 427 F.3d at 1272 (citing *Bishop v. Equinox Int'l Corp.*, 154 F.3d 1220, 1222 (10th Cir. 1998)) ("Whatever the theory that motivates the rule, 'a finding of actual damage remains an important factor in determining whether an award of profits is appropriate.'").

relevant, regardless of the remedy Plaintiff seeks. Defendant also contends that this discovery is not readily ascertainable from any other source, a suggestion that Plaintiff does not contest.

Plaintiff asserts in passing that the RFPs are unduly burdensome and vague; because they seek "any and all documents" reflecting Plaintiff's lost profits, actual damages, or financial injury. If "any and all documents" seems a broad phrase, the RFPs are nevertheless confined to a particular category of documents, i.e. those reflecting lost profits. The Court is not convinced that producing documents in response to the RFPs will be unduly burdensome, especially in light of the likely benefit of the discovery. Plaintiff bears the burden to show that the requested production would indeed by burdensome. It has not shown that. The Court finds that this discovery is proportional to the needs of the case.

Plaintiff also contends that these RFPs are premature, because it "will determine its damages in the orderly process of conducting fact discovery and preparing expert reports as outlined in the Court's Scheduling Order."[25] Plaintiff cites *McKellips v. Kumho Tire Company, Incorporated*, in which the Court denied a motion to compel responses to several RFPs on the basis that the discovery sought, which included technical information concerning explanations about tire tread separation and permeability, "should more appropriately be provided during expert discovery."[26] The Court therefore allowed the responding party to delay its production of documents responsive to the RFPs until it had served its expert disclosures.[27] Here Plaintiff argues it has not yet conducted a damages computation, and that it likely will be able to provide a more accurate calculation for its damages following its expert disclosures, which are due on

---

[25] ECF 58 at 1.
[26] 305 F.R.D. 655, 681 (D. Kan. 2015).
[27] *Id.*

September 22, 2017.[28] The Court finds good reason exists to allow Plaintiff to delay producing documents in response to the RFPs, until the time of its expert disclosures so that Plaintiff can provide a more precise computation of its damages.

Accordingly, the Court grants Defendant's motion to compel with respect to RFPs 9, 10, and 24 through 26, with the caveat that Plaintiff may delay production in response to the RFPs until after it has served its expert disclosures. To the extent Plaintiff does not produce the discovery sought in Defendant's RFPs through its expert disclosures, it shall fully respond to RFPs 9, 10, and 24 through 26 no later than September 29, 2017.

### 2. RFP 29

RFP 29 seeks "any and all financial records, including state and federal tax returns of Plaintiff for the years 2014 through the present."[29] Plaintiff reiterates its arguments about relevancy, proportionality, and prematurity in response to RFP 29 as it does for RFPs 9, 10, and 24 through 26. The Court finds that RFP 29 seeks discovery that is at least marginally relevant to this case. Although RFP 29 casts a wider net than the RFPs discussed above—as it seeks *all* financial records, rather than records of Plaintiff's lost profits—the Court assumes that at least some financial records would be relevant to Plaintiff's claimed damages.

The Court therefore turns to considerations of proportionality. Plaintiff argues that RFP 29 is overbroad, in that it appears to seek all documents that have any "financial" component.[30] Thus, Plaintiff contends that it would be required "either to guess or move through mental gymnastics" to determine which documents are responsive to this RFP.[31] Defendant argues in its

---

[28] ECF 48 at 2.

[29] ECF 52-16 at 10.

[30] ECF 58 at 16.

[31] *See Robinson v. City of Ark. City, Kan.*, No. 10-1431-JAR-GLR, 2012 WL 603576, at *9 (D. Kan. Feb. 24, 2012) (citation omitted).

reply that RFP 29 is not overbroad because "it clearly and plainly is directed at only those financial records relevant to the claims at hand."[32]

While production in response to RFP 29 may not require Plaintiff to "move through mental gymnastics," it would be at least somewhat burdensome because RFP 29 seeks "any and all financial records," rather than only those that reflect Plaintiff's actual damages. Furthermore, Defendant's argument that RFP 29 is clearly limited to those financial records relevant to Plaintiff's claims is not persuasive. The Court has granted the motion to compel with respect to RFPs 9, 10, and 24 through 26.[33] Thus, Defendant will receive any documents that directly reflect Plaintiff's actual damages through Plaintiff's response to those RFPs. Defendant has not provided a convincing argument that financial records beyond that scope are more than marginally related to Plaintiff's claims or damages. Accordingly, the Court finds that the burden on Plaintiff in responding to RFP 29 would outweigh any benefit of this discovery. Proportionality in this instance weighs against requiring the requested production. The Court therefore denies Defendant's motion to compel as to RFP 29.

### 3. RFP 30

RFP 30 seeks "[a]ny and all documents evidencing the total gross sales revenue for Plaintiff's fireworks bearing the EXCALIBUR mark for the years 2014 to present."[34] Plaintiff again argues that this RFP is relevant only if Plaintiff seeks actual damages as a remedy. Additionally, it asserts that "while documents can be generated with the requested gross sales revenue, Jake's Fireworks has determined after a reasonable investigation that no such

---

[32] ECF 60 at 7.

[33] *See supra* Part II.B.1.

[34] ECF 52-16 at 34.

documents currently exist."[35] Defendant counters that Plaintiff specifically identified, in its Rule 26(a) disclosures, "[s]ales and distribution information for Plaintiff's EXCALIBUR® products."[36] Thus, Defendant argues that Plaintiff's response to RFP 30 that these documents do not exist is inconsistent with its initial disclosures.

The Court finds that the discovery sought in RFP 30 is relevant. It relates to Plaintiff's damages. Plaintiff identified this category of documents, furthermore, in its initial disclosures.[37] Presumably it has access to its own sales information, and RFP 30 is tailored to sales documentation from the years in question. Accordingly, the Court finds that the benefit of this discovery is not outweighed by the burden of production placed on Plaintiff. The Court grants the motion to compel production of documents responsive to RFP 30. To the extent Plaintiff has within its possession documents responsive to RFP 30, it shall promptly produce them to Defendant.

### 4. RFP 39

RFP 39 seeks "[d]ocuments evidencing the retail and wholesale prices for good [sic] bearing Plaintiff's EXCALIBUR mark."[38] Plaintiff argues that RFP 39 is overly broad, because it places no time limit on the request. Plaintiff further contends that this request seeks irrelevant discovery because it is not tailored to the time frame at issue. Plaintiff also asserts that it has produced pricing information for the 2015 through 2017 time period "in an effort to simplify the issues presented in the motion."[39]

---

[35] ECF 58 at 17.

[36] ECF 52-15 at 4.

[37] The Court agrees with Defendant that Plaintiff's response that these documents do not exist is odd, given that Plaintiff identified this category of documents as being within its "possession, custody, or control." *Id.*

[38] ECF 52-16 at 12.

[39] ECF 58 at 18.

The Court is satisfied that documents reflecting pricing information are relevant, if tailored to a relevant time period. It also finds this discovery is proportional, given that Plaintiff has already apparently responded in part to RFP 39. The Court grants the motion to compel as to RFP 39, with the modification that Plaintiff need only produce responsive documents for the years 2014 through 2017,[40] and to the extent it has not already produced them.

**Request for Attorney's Fees and Expenses**

Fed. R. Civ. P. 37(a)(5)(C) provides that when a motion to compel is granted in part and denied in part, "the court may . . . after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Whether to impose sanctions lies within the court's discretion.[41] The Court "must consider on a case-by-case basis whether the party's failure was substantially justified or whether other circumstances make the imposition of sanctions inappropriate."[42] Here, the Court finds it appropriate and just for Plaintiff and Defendant to bear their own expenses and attorney fees incurred in connection with the present motion because both parties took legitimate positions on the motion to compel.[43]

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Sky Thunder LLC's Motion to Compel Discovery and Memorandum of Law in Support (ECF 52) is **granted in part and denied in part**. Defendant's motion is denied as to its request for Plaintiff to supplement its Fed. R. Civ. P. 26(a) disclosures with production of documents. Defendant's motion is granted as to its request for Plaintiff to supplement its Fed. R. Civ. P. 26(a) disclosures with a computation of its damages. Plaintiff may delay supplementation of its initial disclosures

---

[40]This is the timeframe Defendant employed in RFPs 29 and 30, and the Court finds that it is a reasonable timeframe in light of the issues relevant in this case.

[41]*Moss v. Blue Cross & Blue Shield of Kan., Inc.*, 241 F.R.D. 683, 699 (D. Kan. 2007) (citations omitted).

[42]*Id.*

[43]*See id.*

with a computation of damages until after it serves its expert disclosures, and in any event by no later than October 12, 2017.

Defendant's motion is granted with respect to RFPs 9, 10, and 24 through 26. Plaintiff may delay production in response to these RFPs until it has served its expert disclosures. To the extent Plaintiff does not produce the discovery sought in Defendant's RFPs through its expert disclosures, Plaintiff is ordered to fully respond to RFPs 9, 10, and 24 through 26 by no later than September 29, 2017.

Defendant's motion is denied as to RFP 29. Defendant's motion is granted as to RFP 30. Defendant's motion is granted as to RFP 39, with respect to production of documents from the years 2014 through 2017. Plaintiff is ordered to respond to RFPs 30 and 39 by no later than October 12, 2017.

Defendant's request for expenses and attorneys' fees is denied. The parties shall bear their respective expenses and fees in relation to this motion.

**IT IS SO ORDERED.**

Dated: September 13, 2017

*S/ Gerald L. Rushfel*t
Gerald L. Rushfelt
U.S. Magistrate Judge
